1  MORGAN, LEWIS & BOCKIUS LLP
2  Michael D. Weil, Bar No. 209056
   michael.weil@morganlewis.com
3  One Market
   Spear Street Tower
4  San Francisco, CA  94105-1596
   Tel:   +1.415.442.1000
5  Fax:   +1.415.442.1001

6  MORGAN, LEWIS & BOCKIUS LLP
   Jennifer Zargarof, Bar No. 204382
7  jennifer.zargarof@morganlewis.com
   Anahi Cruz, Bar No. 324326
8  anahi.cruz@morganlewis.com
   300 South Grand Avenue
9  Twenty-Second Floor
   Los Angeles, CA  90071-3132
10 Tel:   +1.213.612.2500
   Fax:   +1.213.612.2501

11 Attorneys for Defendants,
   ANTHEM, INC.; AIM
12 SPECIALTY HEALTH

13

14                 UNITED STATES DISTRICT COURT

15                 CENTRAL DISTRICT OF CALIFORNIA

16

17 CHRISTOPHER LURES, on behalf of          Case No.  2:22-cv-2048
   himself and all others similarly situated,
18                                          [Los Angeles Superior Court Case
                   Plaintiffs,              No. 22STCV03938]
19
            vs.                             **DECLARATION OF MICHAEL
20                                          D. WEIL IN SUPPORT OF
   ANTHEM, INC.; AIM SPECIALTY             DEFENDANTS' NOTICE OF
21 HEALTH; ANTHEM BLUE CROSS               REMOVAL TO FEDERAL
   LIFE AND HEALTH INSURANCE               COURT**
22 COMPANY; BLUE CROSS OF
   CALIFORNIA and DOES 1-50,
23 inclusive,                               Action Filed:    January 31, 2022

24                 Defendants.

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECLARATION OF MICHAEL D. WEIL IN
SUPPORT OF NOTICE OF REMOVAL TO
FEDERAL COURT

## DECLARATION OF MICHAEL D. WEIL

I, Michael D. Weil, declare as follows:

1.      I am a partner with the law firm of Morgan, Lewis & Bockius, LLP, counsel for Defendants Anthem, Inc., Aim Specialty Health, Anthem Blue Cross Life and Health Insurance Company, and Blue Cross of California ("Anthem" or "Defendants").  I make this declaration in support of Defendants' Notice of Removal. I have personal knowledge of the facts set forth in this Declaration or know of such facts from my review of the case documents and the court docket in this matter and other information that is publicly available or provided to me by Anthem. If called and sworn as a witness, I could and would competently testify thereto. As counsel for Defendants, Morgan, Lewis & Bockius LLP maintains in the ordinary course of its business all pleadings served on or by Defendants in the above-captioned action.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Complaint in this action, filed on January 31, 2022 in the Superior Court for the County of Los Angeles (Case No. 22STCV03938), and served by substituted service on Defendant Anthem, Inc. via CSC on February 24, 2022.

3.      Attached hereto as **Exhibit B** is a true and correct copy of the Summons, filed on January 31, 2022.

4.      Attached hereto as **Exhibit C** is a true and correct copy of the Civil Case Cover Sheet, filed on January 31, 2022.

5.      Attached hereto as **Exhibit D** is a true and correct copy of the Notice of Case Assignment, filed on January 31, 2022.

6.      Attached hereto as **Exhibit E** is a true and correct copy of the Voluntary Efficient Litigation Stipulation Packet, filed on January 31, 2022.

7.      Attached hereto as **Exhibit F** is a true and correct copy of the Alternative Dispute Resolution Packet, filed on January 31, 2022

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DECLARATION OF MICHAEL D. WEIL IN
SUPPORT OF NOTICE OF REMOVAL TO
FEDERAL COURT

8. Attached hereto as **Exhibit G** is a true and correct copy of the First Amended General Order re: Mandatory Electronic Filing, filed on January 31, 2022.

9. Attached hereto as **Exhibit H** is a true and correct copy of the Proof of Service and Summons on Defendant Anthem, Inc., filed on February 25, 2022.

10. Attached hereto as **Exhibit I** is a true and correct copy of the Minute Order re: Setting Initial Status Conference, Initial Status Conference Order, and corresponding Certificate of Mailing filed on March 10, 2022.

11. Attached hereto as **Exhibit J** is a true and correct copy of Defendants' Answer, filed on March 25, 2022.

12. Attached hereto as **Exhibit K** is a true and correct copy of Defendants' First Amended Answer, filed on March 28, 2022.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 28, 2022.

_____
Michael D. Weil

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DECLARATION OF MICHAEL D. WEIL IN
SUPPORT OF NOTICE OF REMOVAL TO
FEDERAL COURT

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 01/31/2022 08:12 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Martinez, Deputy Clerk
Assigned for all purposes to: Spring Street Courthouse - Judicial Officer: William Highberger

1  REUBEN D. NATHAN (SBN 208436)
   **NATHAN & ASSOCIATES, APC**
2  2901 W. Coast Highway, Suite 200
   Newport Beach, CA 92663
3  Tel. No.: (949) 270-2798
   Fax No.: (949) 209-0303
4  rnathan@nathanlawpractice.com

5  Attorneys for Plaintiff, CHRISTOPHER LURES and the Proposed Class

6

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                 **FOR THE COUNTY OF LOS ANGELES**

9

10  CHRISTOPHER LURES, on behalf of himself    CASE NO.: 22STCV03938
    and all others similarly situated,

11                                             **CLASS ACTION COMPLAINT**

12              Plaintiff,                      1.  **FAILURE TO REIMBURSE BUSINESS**
                                                   **EXPENSES AND LOSSES**
13                                             2.  **IMPROPER MEAL PERIODS**
                                               3.  **IMPROPER REST PERIODS**
14         v.                                  4.  **FAILURE TO PROVIDE ACCURATE**
                                                   **WAGE STATEMENTS**
15                                             5.  **WAGES NOT PAID UPON SEPARATION**
                                               6.  **VIOLATIONS OF THE UNFAIR**
16                                                 **BUSINESS PRACTICES ACT**

17

18  ANTHEM, INC.; AIM SPECIALTY HEALTH;
    ANTHEM BLUE CROSS LIFE AND
19  HEALTH INSURANCE COMPANY; BLUE
    CROSS OF CALIFORNIA and DOES 1–50,
20  inclusive,

21                                             **DEMAND FOR JURY TRIAL**

22

23              Defendants.

24

25

26

27

28

                                               CLASS ACTION COMPLAINT

1

**INTRODUCTION**

2     1.     Plaintiff Christopher Lures (hereinafter "Plaintiff" or "Mr. Lures"), individually and

3  on behalf of all others similarly situated, brings this civil class action against Defendants

4  ANTHEM, INC., AIM SPECIALTY HEALTH, ANTHEM BLUE CROSS LIFE AND HEALTH

5  INSURANCE COMPANY, BLUE CROSS OF CALIFORNIA and DOES 1–50 (collectively

6  referred to as "ANTHEM" or "Defendants"), demanding trial by jury, complaining on information

7  and belief as follows.

8     2.     This putative class action is brought by Plaintiff, against Defendants, and each of

9  them for damages sustained by Plaintiff, CHRISTOPHER LURES based on Defendants' wrongful

10  actions and include the following causes of action: (1) Failure to Reimburse Business Expenses and

11  Losses; (2) Improper Meal Periods; (3) Improper Rest Periods; (4) Failure to Provide Accurate

12  Wage Statements; (5) Wages Not Paid Upon Separation; and (6) Unfair Business Practices.

13     3.     Plaintiff petitions this Court to allow him to represent and prosecute claims against

14  Defendants in a class action proceeding on behalf of all those similarly situated non-exempt

15  employees (hereinafter referred to as "Class Members"), who are residents of the state of

16  California.

17

**THE PARTIES**

18     4.     At all material times, Mr. Lures was a resident of the city of Glendale in the State of

19  California and was employed by ANTHEM at a location in Los Angeles County, California.

20  Plaintiff brings this action on behalf of himself and all others similarly situated as a class action.

21  They reserve the right to name additional representatives.

22     5.     Defendant, ANTHEM, INC., is an Indiana corporation, with its principal place of

23  business located in Indianapolis, Indiana; Defendant, AIM SPECIALTY HEALTH, is an Illinois

24  corporation, with its principal place of business located in Chicago, Illinois; Defendant, ANTHEM

25  BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, is a California corporation, with

26  its principal place of business located in Woodland Hills, California; Defendant, BLUE CROSS OF

27  CALIFORNIA, is a California corporation with its principal place of business located in Woodland

28  Hills, California and DOES 1–50, inclusive (hereinafter "ANTHEM" or "Defendants").

CLASS ACTION COMPLAINT

6.      At all material times, ANTHEM conducted business in the county of Los Angeles and on information and belief in all other counties in the State of California.

7.      The true names and capacities, whether individual, corporate, partnership, associate, or otherwise of defendants DOES 1–50, inclusive, are unknown to Plaintiff who sues these defendants by such fictitious names. (Cal. Code Civ. Proc. § 474.) Plaintiff will either seek leave to amend this Class Action Complaint or file a DOE statement to allege the true names and capacities of DOES 1–50, inclusive, when the same are ascertained.

8.      Plaintiff is informed and believes, and thereon alleges, that Defendants are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

9.      Plaintiff is informed and believes, and thereon alleges, that each of Defendants knowingly and willfully acted in concert, conspired together, and agreed among themselves to enter into a combination and systemized campaign of activity to cause the injuries and damages hereinafter alleged, and to otherwise consciously and or recklessly act in derogation of Plaintiff's rights, and the trust reposed by Plaintiff in each of said Defendants, said acts being negligently and or intentionally inflicted. Said conspiracy, and Defendants' concerted actions, were such that, to Plaintiff's information and belief, and to all appearances, Defendants represented a unified body so that the actions of one defendant was accomplished in concert with, and with knowledge, ratification, authorization, and approval of each and every other defendant.

10.      Plaintiff is informed and believes, and thereon alleges, that each defendant in this Complaint, is, and at all times mentioned was, the agent, servant, alter ego, and or employee of each of the other defendants, and each defendant acted within the course or scope of his, her, or its authority as the agent, servant, and or employee of each other defendant. Consequently, each and every defendant is jointly and severally liable to Plaintiff and Class Members for the damages incurred as a proximate result of each defendant's conduct.

## **JURISDICTION AND VENUE**

11.      This Court has jurisdiction over this action under the California Constitution, Article VI, section 10, which grants the Superior Court, "Original Jurisdiction in all causes except

-3-

1   those given by statute to other courts." The statutes under which Plaintiff bring this action do not

2   specify any other basis for jurisdiction.

3          12.   This Court has jurisdiction over all defendants because upon information and belief,

4   each is either a citizen of California, has sufficient minimum contacts in California, or otherwise

5   intentionally avails itself to the California market so as to render the exercise of jurisdiction over it

6   by the California courts consistent with traditional notions of fair play and substantial justice.

7          13.   Venue as to each defendant is proper in this judicial district under California Code

8   of Civil Procedure sections 395(a) and 395.5 as a portion of the acts complained of herein occurred

9   in the County of Los Angeles. Either Defendants own, maintain offices, transact business, have an

10   agent or agents within the county of Los Angeles, or otherwise are found within the County of Los

11   Angeles. Defendants employed Plaintiff and class members in the County of Los Angeles and

12   throughout the state of California.

13   **FACTUAL ALLEGATIONS**

14          14.   ANTHEM employed Plaintiff as a non-exempt employee from October 2019

15   through June 2021.

16          15.   Mr. Lures held the position of "Referral Specialist" during his employment with

17   ANTHEM.  At all times during his employment with ANTHEM, Mr. Lures has lived and worked in

18   the State of California.

19          16.   At all relevant times, ANTHEM required Mr. Lures to work from his home,

20   requiring his work location to be in the home he lives in. ANTHEM has required and continues to

21   require the same from its current and former similarly situated employees.

22          17.   Mr. Lures and Class Members incurred expenses related to computers, desk, chair,

23   and other items related to the specific workspace to perform work for ANTHEM, reimbursement

24   for mortgage, rent, property taxes, homeowner insurance, (underpaid) internet, telephone/cell phone

25   expenses, utilities such as electricity, water, gas, and trash collection services, and stationery, while

26   discharging duties under their employment with ANTHEM. ANTHEM has not reimbursed Mr.

27   Lures and Class Members for all expenses incurred while discharging their duties for ANTHEM.

28

CLASS ACTION COMPLAINT

18.     ANTHEM has only reimbursed Mr. Lures and Class Members $60.00 per month for internet expenses.

19.     Even though ANTHEM has required and continues to require Mr. Lures and Class Members to provide a home office, from which all, work must be completed, ANTHEM has a policy and practice of not reimbursing these employees for the expenses incurred in providing and maintaining the home office ANTHEM requires.

20.     Even though Mr. Lures and Class Members have incurred necessary business expenses in providing and maintaining their home office, ANTHEM only reimbursed him or similarly situated non-exempt employees $60.00 per month for internet expenses.

21.     These necessary business expenses incurred by Mr. Lures and Class Members include such things as computers, desk, chair, and other items related to the specific workspace to perform work for ANTHEM, reimbursement for mortgage, rent, property taxes, homeowner insurance, (underpaid) internet, telephone/cell phone expenses, utilities such as electricity, water, gas, and trash collection services, and stationery.

22.     ANTHEM has had and continues to have a policy and practice of not reimbursing Mr. Lures and Class Members for all incurred business expenses while discharging their duties for ANTHEM.

23.     At all times, ANTHEM knew or should have known that Plaintiff and Class Members were incurring necessary business expenses to benefit ANTHEM'S business enterprise.

24.     ANTHEM, at all material times, has had, and continues to have, a policy and practice of not reimbursing Plaintiff, and Class Members located throughout the State of California for the expenses incurred as stated hereinabove.

25.     On information and belief, Plaintiff asserts that ANTHEM maintains a policy of not reimbursing non-exempt employees who work from home and subject those employees to a similar practice of reimbursement violations.

26.     Upon information and belief, during the relevant time frame, Defendants maintained and enforced an aggressive set of demands for Plaintiff and Class Members, thereby requiring Plaintiff and Class Members to miss, interrupt or shorten their lawful meal periods of

CLASS ACTION COMPLAINT

thirty (30) uninterrupted minutes while being relieved of all duty.   Plaintiff and Class Members were forced to work in excess of five (5) hours per day on a regular basis without being provided a daily thirty (30) minute restrictive-free meal period.   During all relevant periods, Defendants illegally and unlawfully required Plaintiff and class members to work through meal periods.  Wage orders required that Plaintiff and Class Members be compensated for the meal periods for which Defendants required Plaintiff and the Class Members to work. Defendants failed to compensate Plaintiff and Class Members for these meal periods worked on any given day or during any given workweek.

27.     Upon information and belief, during the relevant time frame, Plaintiff and Class Members did not receive compliant meal periods and were shortened, interrupted, or missed.

28.     Despite the above-mentioned meal period violations, Defendants never compensated Plaintiff, and on information and belief, never compensated Class Members an additional hour of pay at their regular rate as required by California law when meal periods were not provided.

29.     Upon information and belief, during the relevant time frame, Defendants maintained and enforced a schedule and policies that due to business demands often required Plaintiff and all other similarly situated employees to interrupt, shorten (constitutes a missed rest break) or forego their lawful rest periods of ten (10) minutes for every four (4) hours worked or major fraction thereof.  During all relevant periods, Defendants illegally and unlawfully required Plaintiff and Class Members to work through rest periods.  Wage orders required that Plaintiff and the Class Members be compensated for the rest periods for which Defendants required Plaintiff and the class members to work. Defendants failed to compensate Plaintiff and Class Members for these rest periods worked on any given day or in any given workweek.

30.     Despite the above-mentioned rest period violations, Defendants never compensated Plaintiff, and on information and belief, never compensated Class Members one additional hour of pay at their regular rate as required by California law for each day on which rest periods were not authorized or permitted.

31.     Defendants failed to pay when due and on time, Plaintiff and Class Members

CLASS ACTION COMPLAINT

reimbursement for business expenses, failed to provide all authorized meal and rest periods owed to Plaintiff and all other similarly situated employees, and failed to pay one (1) hour wages in lieu of Defendants' failure to provide a meal and rest period, including at such time when employee quit or was discharged.  More specifically, Defendants failed to account for premium payments due for missed meal and rest breaks in producing wage statements, therefore those wage statements issued to Plaintiff and Class Members are deemed inaccurate and false.  Defendants have made it difficult to account with precision for the unlawfully withheld wages owed to Plaintiff and Class Members without an examination of all records during the liability period and failed to implement and on information and belief failed to preserve a lawful record-keeping method to record all non-provided meal and rest breaks owed to employees, as required for non-exempt employees by California Labor Code section 226 and applicable California Wage Orders.

32.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that they had a duty to accurately compensate Plaintiff and Class Members for reimbursement of business expenses, meal and rest period premiums, and all wages due upon separation and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

33.    Such actions and policies, as described above and further herein, were and continue to be in violation of the California Business and Professions Code section 17200, et seq. (predicate statutes, Cal. Labor Code) and California Labor Code.

## **CLASS ALLEGATIONS**

34.    Plaintiff brings this class action under the provisions of California Code of Civil Procedure section 382, and the procedural provisions of Rule 23 of the Federal Rules of Civil Procedure, which the California Supreme Court has adopted for use by the trial courts of this State. Plaintiff brings this class action on behalf of himself and all other similarly situated non-exempt employees with Plaintiff proceeding as the representative member of the proposed classes defined as follows:

a)   All current and former non-exempt employees of Defendants located within the geographic boundary of the State of California, at any time from January 31, 2018 to the date of judgment.

CLASS ACTION COMPLAINT

("Plaintiff Class")

Plaintiff also seeks certification of the following subclasses:

b)  All current and former individuals employed who incurred expenses while employed by Defendants while located within the geographic boundary of the State of California, wherein at any time from January 31, 2019 to the date of judgment. ("Reimbursement Subclass")

c)  All current and former individuals employed who were entitled to meal breaks while employed by Defendants while located within the geographic boundary of the State of California, wherein at any time from January 31, 2019 to the date of judgement. ("Meal Break Subclass")

d)  All current and former individuals employed who were entitled to rest breaks while employed by Defendants while located within the geographic boundary of the State of California, wherein at any time from January 31, 2019 to the date of judgement. ("Rest Break Subclass")

e)  All current and former individuals employed who received wage statements while employed by Defendants while located within the geographic boundary of the State of California, wherein at any time from January 31, 2021 to the date of judgement. ("Wage Statement Subclass")

f)  All current and former individuals employed who were separated from their employment with Defendants located within the geographic boundary of the State of California, wherein at any time from January 31, 2019 to the date of judgement. ("Separation Subclass")

g)  All current and former individuals employed by Defendants located within the geographic boundary of the State of California, wherein Defendants engaged in unlawful, unfair, or deceptive practices against Plaintiff and all similarly situated employees by violating California Labor Code sections 2802, 201-203, 226, 226.7, and 512, at any time from January 31, 2018 to the date of judgment. ("UCL Subclass")

(collectively all classes referred to herein as "Class")

Plaintiff reserves the right, under Rule 3.765 of the California Rules of Court, to amend or modify the Class Members description with greater specificity or further division into subclasses or limitation to particular issues. Plaintiff, together with members of the Plaintiff Class, Reimbursement Subclass, Meal Break Subclass, Rest Break Subclass, Wage Statement Subclass, Separation Subclass, and UCL Subclass are hereinafter collectively referred to as "Class Members."

35.    Plaintiff brings this action, which may properly be maintained as a class action, under the provisions of California Code of Civil Procedure section 382, because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable as well

-8-

as for the other reasons explained in this Class Action Complaint.

36.     The persons who comprise the Class are so numerous that the joinder of all such persons would be unfeasible and impracticable. The membership of the Class is unknown to Plaintiff at this time; however, members of the Class are estimated to total fifty to one hundred (50-100) individuals, whose identities are readily ascertainable by inspecting Defendants' payroll records.

37.     Common questions of fact or law, which arise from Defendants' conduct as described in this Class Action Complaint and Defendants' continued practice of engaging in illegal payroll and wage and hour policies as to all members of Class Members exist. This action focuses on Defendants' systematic course of illegal payroll practices or policies, which Defendants applied to all members of the Class in violation of the California Industrial Welfare Commission ("IWC") Wage Orders, the California Labor Code, and the California Business and Professions Code, which prohibits unfair business practices arising from such violations.

38.     Further, these common questions of law or fact predominate over questions affecting only individual members, including (without limitation):

 a. whether Defendants had a practice and or policy of failing to reimburse and indemnify its California non-exempt employees working from their homes within the geographic boundary of the State of California, who Defendants required to work from their homes, for all necessary expenditures and losses;

 b. whether Defendants had a practice and or policy of failing to provide compliant meal periods or compensation in lieu of to its California non-exempt employees;

 c. whether Defendants had a practice and or policy of failing to provide compliant rest periods or compensation in lieu of to its California non-exempt employees;

 d. whether Defendants had a practice and or policy of failing to provide itemized accurate wage statements to its California non-exempt employees;

 e. whether Defendants had a practice and or policy of failing to pay all wages owed upon separation to its California non-exempt employees;

 f. whether Defendants engaged in unfair business practices under California Business and Professions Code section 17200, *et seq.*

39.     Defendants' defenses, to the extent that any such defense is applied, are applicable generally to Class Members and are not distinguishable, to any degree relevant or necessary to defeat predominance in this case.

40.     Plaintiff's claims are typical of the claims of Class Members as a whole, all of whom have incurred or will incur damages, including irreparable harm, as a legal, proximate result of Defendants' common course of conduct as complained of in this Class Action Complaint. Plaintiff's claims are typical of Class Members because Defendants used their policies and practices to subject Plaintiff and Class Members to identical violations of the California Labor Code, and the California Business and Professions Code, each of which prohibits unfair business practices arising from such violations. Further, the duties and responsibilities of members of Class Members were similar and comparable, and any variations in job activities between individual members of Class Members are legally insignificant to the issues presented by this action because the central facts remain, to wit, that Plaintiff and Class Members were improperly denied: full reimbursement and indemnification of business expenses; compliant meal breaks or compensation in lieu of; compliant rest breaks or compensation in lieu of; accurate wage statements; and all wages due upon separation of employment from Defendants.

41.     Plaintiff, on behalf of himself and all others similarly situated, will fairly and adequately protect the interests of all Class Members in connection with which they have retained attorneys. Plaintiff can fairly and adequately protect the interests of all Class Members because it is in their best interests to prosecute the claims alleged herein to obtain full reimbursement and indemnification due to them for all necessary expenditures they have incurred, for compensation in lieu of non-compliant meal breaks and rest breaks, and all wages that were due upon separation of employment.  Plaintiff neither has a conflict with Class Members nor are his interests antagonistic to those of Class Members. Plaintiff has retained counsel competent and experienced in class action litigation.

42.     Under the facts and circumstances set forth above, class action proceedings are superior to any other methods available for both fair and efficient adjudication of the rights of each Class Members inasmuch as joinder of individual members of Class Members is not practical and, if the same were practical, said Class Members could not individually afford the litigation, such that individual litigation would be inappropriately burdensome, not only to said citizens, but also to the courts of the nation.

CLASS ACTION COMPLAINT

43.     To process individual cases would increase both the expenses and delay not only to Class Members but also to Defendants and the Court. In contrast, class action litigation of this matter will avoid case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary adjudication with consistent results, and equal protection of the rights of each Class Members, all by way of the comprehensive and efficient supervision of the litigation by a single court.

44.     A community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties and adequate compensation for the damages and injuries that Defendants' actions have inflicted upon Plaintiff and Class Members exists.

45.     A community of interest in ensuring Defendants' combined assets and available insurance are sufficient to adequately compensate Class Members for injuries sustained exists.

46.     Plaintiff and Class Members are entitled to the monies Defendants have unlawfully withheld. Further, the public is entitled to restitution and disgorgement of those funds Defendants have improperly withheld. This action is brought as a class action under California's Unfair Competition Law for the benefit of the public. Any business that violates the California Labor Code by failing to reimburse and indemnify its employees for necessary expenditures the employee incurs, failing to provide compliant rest breaks and meal breaks or compensation in lieu of, failing to provide accurate wage statements, and failing to pay all wages owed upon separation is, by definition, engaging in an unfair business practice, and all causes of action are subject to a four-year statute of limitation.

47.     Notice of the pendency and any result or resolution of the litigation can be provided to Class Members by the usual forms of publication, sending out to Class Members a notice at their current address, establishing a website where the Class Members can choose to opt-out, or other methods of notice the Court deems appropriate.

48.     Without class certification, the prosecution of separate actions by individual Class Members would create a risk of:  (1) inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants or (2)

CLASS ACTION COMPLAINT

adjudications with respect to the individual Class Members would, as a practical matter, create disparities of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interest.

**FIRST CAUSE OF ACTION**
**FOR REIMBURSEMENT OF ALL EXPENSES AND LOSSES**
(Against All Defendants)

49.     Plaintiff and Class Members re-allege and incorporate by reference, as though fully set forth herein, all preceding paragraphs of this Class Action Complaint.

50.     "An employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care." (Cal. Labor Code § 2800.)

51.     "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." (Cal. Labor Code § 2802(a).)

52.     "All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss." (Cal. Labor Code § 2802(b).)

53.     California Labor Code section 2802(c) provides: "For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

54.     Defendants owe a duty to Plaintiff and Class Members to indemnify them for all necessary expenditures, losses, and damages suffered and incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of their employer, ANTHEM. Defendants continue to refuse to reimburse and indemnify Plaintiff and Class Members for all necessary expenditures and losses incurred by them, including but not limited to, computers, desk, chair, and other items related to the specific workspace to perform work for ANTHEM, reimbursement for mortgage, rent, property taxes, homeowner insurance, (underpaid) internet, telephone/cell phone expenses, utilities such as electricity, water, gas, and trash collection services,

CLASS ACTION COMPLAINT

1   and stationery, which are required to meet the demands of discharging duties for ANTHEM.

2         55.    Plaintiff and Class Members have incurred, and are continuing to incur, necessary

3 expenditures and losses in direct consequence of the discharge of duties, or of obedience to

4 ANTHEM'S directions as an employer, which at the time of obeying the directions, Plaintiff and

5 Class Members believed to be lawful.

6         56.    The acts and omissions herein violated California Labor Code section 2802(a), and

7 further violates California Labor Code sections 221 through 224. Plaintiff and Class Members are

8 entitled to attorney's fees under to California Labor Code section 2802(c).

9         57.    Plaintiff seeks reimbursement and indemnification for his and all other Class

10 Members for all necessary expenditures or losses incurred by them in direct consequence of the

11 discharge of their duties, or obedience to the directions of the defendants as an employer.

12         58.    During the relevant time period, Defendants intentionally and improperly failed to

13 reimburse necessary expenditures that Plaintiff and Class Members incurred.

14         59.    ANTHEM has only reimbursed Mr. Lures and Class Members $60.00 per month

15 for internet expenses.

16         60.    Under the California Labor Code sections cited herein, Plaintiff and Class Members

17 are entitled to recover the necessary expenditures they incurred for the four years preceding the

18 filing of this Class Action Complaint, plus reasonable attorney's fees and costs under California

19 Labor Code section 2802.

20         61.    By virtue of Defendants' unlawful failure to reimburse all necessary expenditures

21 Plaintiff and Class Members incurred, Plaintiff and Class Members have incurred damages in

22 amounts presently unknown to Plaintiff and Class Members.

23         62.    Plaintiff is informed and believes, and based upon that information and belief

24 alleges, that Defendants, and each of them, knew or should have known Plaintiff and Class

25 Members were not being reimbursed for all necessary business expenditures they incurred.

26         63.    As a direct and legal (proximate) result of Defendants' violation of the California

27 Labor Code, Plaintiff and Class Members have been damaged. Under California Labor Code

28 section 2802, Plaintiff and Class Members are entitled to, and request reimbursement of all

1  necessary expenditures they incurred, interest, penalties, reasonable attorney's fees, and costs,

2  incurred in this action in an amount to be proven at or following trial of this matter.

3  **SECOND CAUSE OF ACTION**
   **IMPROPER MEAL PERIODS**

4  (Against All Defendants)

5  64.    Plaintiff and Class Members re-allege and incorporate by reference, as though fully

6  set forth herein, all preceding paragraphs of this Class Action Complaint.

7  65.    At all times herein, Labor Code section 218 authorizes employees to sue directly for

8  any wages or penalty due to them under this article of the California Labor Code.

9  66.    At all times herein, Labor Code section 226.7(a) provides that no employer shall

10 require an employee to work during any meal period mandated by an applicable order of the IWC.

11 67.    At all times herein, Labor Code section 512(a) provides that an employer may not

12 employ an employee for a work period of more than five (5) hours per day without providing the

13 employee with a meal period of not less than thirty (30) minutes, except that if the total work period

14 per day of the employee is not more than six (6) hours, the meal period may be waived by mutual

15 consent of both the employer and the employee.

16 68.    The language of IWC Order No. 4-2001 § 11(B) relating to meal periods tracks the

17 language of the California Labor Code.

18 69.    During the relevant time period, Plaintiff and Class Members, who were scheduled

19 to work in excess of five (5) hours, but not longer than six (6) hours, and who did not waive their

20 legally-mandated meal periods by mutual consent, were required to work in excess of five (5) hours

21 without receiving a meal period of not less than thirty (30) minutes.

22 70.    During the relevant time period, Plaintiff and Class Members, who were scheduled

23 to work for a period of time in excess of six (6) hours, were required to work in excess of five (5)

24 hours, without receiving a meal period of not less than thirty (30) minutes.  An employer may not

25 employ an employee for a work period of more than ten (10) hours per day without providing the

26 employee with a second meal period of not less than thirty (30) minutes, except that if the total

27 hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual

28 consent of the employer and the employee only if the first meal period was not waived.

-14-

71.     Upon information and belief, during the relevant time frame, Defendants maintained and enforced an aggressive set of demands for these non-exempt employees with respect to the goals for its non-exempt employees, thereby requiring Plaintiff and Class Members to interrupt, shorten, or forego their lawful meal periods of thirty (30) uninterrupted minutes while being relieved of all duty. Plaintiff and all other similarly situated employees were forced to work in excess of five (5) hours per day on a regular basis without being provided a daily thirty (30) minute restrictive-free meal period.

72.     Upon information and belief, during the relevant time frame, Plaintiff and Class Members did not receive meal periods; in addition, Defendants' work demands and pressure from Defendants' management, with specific knowledge and/or at the instruction of Defendants, as a result of an implemented policy, regularly required Plaintiff and Class Members to return to work before completing (constitutes a missed meal period) an uninterrupted meal period of thirty (30) minutes. Upon information and belief, during the relevant time frame, Plaintiff and Class Members often worked shifts in excess of then (10) hours, yet were never provided a second, uninterrupted meal period of thirty (30) minutes for those shifts. Defendants failed to compensate Plaintiff and Class Members for these meal periods worked on any given day or during any given workweek.

73.     Pursuant to Labor Code section 226.7(b) and Industrial Welfare Commission Wage Order 4-2001, section 11(B), Plaintiff and Class Members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each workday that a meal period was not provided, for a three-year statutory period dating back from the date of the commencement of this action.

**THIRD CAUSE OF ACTION**
**IMPROPER REST PERIODS**
(Against All Defendants)

74.     Plaintiff and Class Members re-allege and incorporate by reference, as though fully set forth herein, all preceding paragraphs of this Class Action Complaint.

75.     At all times herein, Labor Code section 218 authorizes employees to sue directly for any wages or penalty due to them under this article of the California Labor Code.  Labor Code

CLASS ACTION COMPLAINT

section 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC.

76.     IWC Order No. 4-2001 § 12, which covers rest periods, provides "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."  Plaintiff alleges that Defendants did not provide Plaintiff and Class Members proper uninterrupted rest periods that they were legally entitled to.  Upon information and belief, during the relevant time frame, Defendants maintained and enforced a schedule and policies that due to business demands often required Plaintiff and Class Members to shorten (constitutes a missed rest break) or forego their lawful rest periods of ten (10) minutes for every four (4) hours worked or major fraction thereof.  Defendants instituted a company-wide policy that demanded Plaintiff and all other similarly situated employees to work through their rest periods.  Defendants illegally and unlawfully required Plaintiff and members of the Class to work through rest periods.  Wage orders required that Plaintiff and the Class Members be compensated for the rest periods for which Defendants required Plaintiff and the class members to work. Defendants did not provide Plaintiff and Class Members with a rest break(s) during each workweek throughout the course of employment with Defendants.   Defendants failed to compensate Plaintiff and the class members for these rest periods worked on any given day or in any given workweek.

77.     "[A]ll hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation." (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.) "Under the California minimum wage law, employees must be compensated for each hour worked at either the legal minimum wage or the contractual hourly rate, and *compliance cannot be determined by averaging hourly compensation*." (*Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864, 872 (emphasis added); *see also Sheppard v. North Orange*

CLASS ACTION COMPLAINT

*County Regional Occupational Program* (2010) 191 Cal.App.4th 289, 297 n.5 ("Compliance with the minimum wage law is determined by analyzing the compensation paid for each hour worked; *averaging hourly compensation is not permitted under California law*.") (emphasis added).) "[A]ny employee receiving less than the legal minimum wage ... is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ...." (*Cal. Lab. Code* § 1194(a).) "[A]ll hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation." (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.) "An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry." (*Brinker*, 53 Cal.4th at 1033; *see also Faulkinbury v. Boyd & Associates, Inc.* (2013) 216 Cal.App.4th 220, 236 ("An employer has a duty to authorize and permit rest breaks.").) "No employer shall require any employee to work during any ... rest period mandated by an applicable order of the Industrial Welfare Commission." (*Cal. Labor Code* § 226.7(a).) "Under Industrial Welfare Commission wage orders, employers are required to 'authorize and permit all employees to take rest periods' at the rate of at least 10 minutes for every four hours worked." (*Bluford*, 216 Cal.App.4th at 871 (*quoting* 8 C.C.R. § 11070, § 12); *see also Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1104 (Employees are entitled to "a paid 10–minute rest period per four hours of work.").) "The wage order's requirement not to deduct wages for rest periods presumes [employees] are paid for their rest periods." (*Bluford*, 216 Cal.App.4th at 871.) "Rest periods are considered hours worked and must be compensated." (*Id.* at 872.). Also see, *Vaquero v. Stoneledge Furniture LLC* (2017) 9 Cal.App.5th 98; also see, LC 226.7.

78.    Defendants' conduct, as alleged herein, violates Labor Code section 226.7(a), which authorizes that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the IWC.

79.    Pursuant to Labor Code section 226.7(b) and Code of Civil Procedure section 338, Plaintiff and the other Class Members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a rest period was not provided, for a three-year statutory period dating back from the date of the commencement of

CLASS ACTION COMPLAINT

this action.  Plaintiff, on information and belief, all aggrieved employees, were systematically not permitted or authorized to take one (1) ten (10) minute rest period for every four (4) hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order 4-2001, section 12.  On shifts where Plaintiff and Class Members worked in excess of three and half hours, they were routinely not permitted and authorized to take lawful rest periods.  Plaintiff and Class Members were not compensated with one hour of wages for every day in which a rest period was missed or untimely as a result of Defendants' policies, practices, or work demands.  By failing to authorize and permit a ten-minute rest period for every four (4) hours or major fraction thereof worked per day by Class Members, and by failing to provide compensation for such non-provided or shortened rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code sections 226.7, 512 and IWC Wage Order No. 4-2001.

## FOURTH CAUSE OF ACTION
## IMPROPER WAGE STATEMENTS
(Against All Defendants)

80.     Plaintiff and Class Members re-allege and incorporate by reference, as though fully set forth herein, all preceding paragraphs of this Class Action Complaint.

81.     Labor Code section 226(a) mandates that employers provide their employees, along with the employees' paychecks, "an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates

CLASS ACTION COMPLAINT

in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

82.    Plaintiff, on information and belief and based upon such basis, alleges that Plaintiff and the other Class Members were intentionally not provided accurate wage statements, pursuant to Labor Code section 226(a) by Defendants, because it was Defendants' intent to avoid paying Plaintiff and Class Members, the correct wages that Plaintiff and all other similarly situated employees were legally entitled to in order for Defendants to generate greater profits at the expenses of Plaintiff and all similarly situated employees.

83.    Defendants also violated California Labor Code section 226, which requires wage statements to list "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."  Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements which should have been properly provided to Plaintiff and Class Members, and such violations flow from Defendants' improper policies and practices, their implementation and enforcement by Defendants, and the violations alleged in the preceding causes of action and herein.  More specifically, premium wage payments for missed meal and rest breaks should have been itemized on the wage statements issued by Defendants to Plaintiff and Class Members and constitutes a violation of California Labor Code section 226. Defendants' intentional conduct by failing to provide Plaintiff and all similarly situated employees with accurate wage statements have caused Plaintiff and all similarly situated employees to suffer injury in fact by depriving them of their wage records.  In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiff and all other similarly situated employees have been, would have been, and are compelled to discover for accuracy, the required information missing from their wage statements and to perform calculations in light of the inaccuracies and incompleteness of the wage statements Defendants provided to them.  Given the violations addressed above and the resulting inaccuracies in the wage statements provided by Defendants to Plaintiff and all other similarly situated employees, Defendants have made it very difficult, to determine from the wage statements themselves such important items of information as the appropriate pay rate to apply to premium payments for meal and rest break violations.

CLASS ACTION COMPLAINT

Defendants' Labor Code section 226 violations further injured Plaintiff and Class Members by rendering them unaware of the full compensation to which there were entitled under applicable provisions of the California Labor Code and applicable IWC Wage Orders, and Defendants' aggrieved employees have been accordingly rendered unaware of how to calculate such compensation.   Pursuant to California Labor Code §226(c),

84.     Plaintiff and Class Members are also entitled to injunctive relief under California Labor Code §226(h), compelling Defendants to comply with California Labor Code §226.  Plaintiff, on information and belief and based upon such basis, alleges that Plaintiff and Class Members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with Labor Code Section 226(a) or fifty dollars ($50.00) for the initial pay period in which the violation occurred and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods or an aggregate penalty not exceeding $4,000, and an award of costs and reasonable attorneys' fees pursuant to Labor Code Section 226(e).

**FIFTH CAUSE OF ACTION**
**WAGES NOT PAID UPON SEPARATION**
(Against all Defendants)

85.     Plaintiff and Class Members re-allege and incorporate by reference, as though fully set forth herein, all preceding paragraphs of this Class Action Complaint.

86.     At all times herein set forth, Labor Code section 218 authorizes employees to sue directly for any wages or penalties due to them under this article of the California Labor Code.

87.     At all times herein set forth, Labor Code sections 201-203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter; unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.  During the relevant time period, Defendants failed to pay Plaintiff and all other similarly situated employees, who are no longer employed by Defendants, all their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

CLASS ACTION COMPLAINT

88.     Defendants also willfully violated Labor Code sections 201-203 by failing to provide all owed wages at separation form employment.  Labor Code sections 201 and 202 require Defendants to pay their employees all wages due either at time of firing, or within seventy-two (72) hours of voluntary separation, if not sooner.  Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed thirty (30) days of wages.  Plaintiff and all other similarly situated employees who were separated from employment are entitled to compensation for all forms of wages earned, including but not limited to reimbursement of business expenses and premium payments for non-compliant meal and rest periods, but to date have not received such compensation, therefore entitling to wages.

89.     Defendants' failure to pay Plaintiff and all other similarly situated employees, who are no longer employed by Defendants, all wages earned at the time of their discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of Labor Code sections 201-203.

90.     Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.  Plaintiff and all other similarly situated employees, who are no longer employed by Defendants, are entitled to recover from Defendants the statutory penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day maximum, pursuant to Labor Code section 203.

**SIXTH CAUSE OF ACTION**
**FOR UNFAIR COMPETITION**
(Against All Defendants)

91.     Plaintiff and Class Members re-allege and incorporate by reference, as though fully set forth herein, all preceding paragraphs of this Class Action Complaint.

92.     Defendants' conduct, as alleged herein, including not paying Plaintiff and the other Class Members for all wages owed, including reimbursement of business expenses, wages for

-21-

missed meal periods and missed rest periods, not providing Plaintiff and all other similarly situated employees with accurate wage statements; and not paying Plaintiff and all other similarly situated employees all wages due upon separation from Defendants, has been, and continues to be unlawful and unfair, and harmful to Plaintiff and all other similarly situated employees, and the general public.

93.     By and through their unfair, unlawful, and or fraudulent business practices described herein, Defendants have obtained valuable property, money, and services from Plaintiff and Class Members, and have deprived them of valuable rights and benefits guaranteed by law, all to Plaintiff and Class Members' detriment. The loss Plaintiff and Class Members have incurred is a direct result of Defendants' failure to reimburse Plaintiff and Class Members for all business expenses, failure to provide compliant meal breaks and rest breaks or compensation in lieu of, failure to provide accurate wage statements, and failure to pay all wages upon separation. The California Labor Code requires Defendants to reimburse Plaintiff and Class Members for necessary expenses incurred, and provide compliant meal breaks and rest breaks or compensation in lieu of, provide accurate wage statements, and pay all wages upon separation, but Defendants failed to do so, which results in greater profits to Defendants. Plaintiff and members of the Class are seeking restitution for the losses incurred from Defendants' conduct.

94.     All of Defendants' acts described herein as violations of, among other things, the California Labor Code, are unlawful and violate public policy; and are immoral, unethical, oppressive, fraudulent, and unscrupulous, and thereby constitute unfair, unlawful, and or fraudulent business practices in violation of California Business and Professions Code section 17200, *et seq.*

95.     Plaintiff and Class Members are entitled to and do seek such relief as may be necessary to obtain restitution by disgorgement of the profits which Defendants have acquired, or of which Plaintiff and Class Members have been deprived, by means of the above-described unfair, unlawful, and or fraudulent business practices. Therefore, Plaintiff and Class Members request that Defendants pay them restitution owed as a result of Defendants' failure to reimburse necessary business expenses incurred, failure to provide compliant meal breaks and rest breaks or compensation in lieu of, failure to provide accurate wage statements, and failure to pay all wages

CLASS ACTION COMPLAINT

upon separation. Plaintiff and Class Members also request an order that Defendants identify, locate, and make restitution to affected members of the general public all funds and the value of all things or property acquired by the acts of unfair competition and deceptive practices set forth above, and all additional orders necessary to accomplish this purpose, under California Business and Professions Code section 17203.

96.     Plaintiff and Class Members are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful, and or fraudulent.

97.     Plaintiff and Class Members also request an order for distribution of any monies recovered on behalf of the general public, or members of the class, via fluid recovery or cy pres recovery where necessary to prevent Defendants from retaining the benefits of its wrongful conduct as provided in *California v. Levi Strauss & Co.* (1986) 41 Cal.3d 460, and *People v. Thomas Shelton Powers, M.D. Inc.* (1992) 2 Cal.App.4th 330.

98.     Plaintiff and Class Members seek to recover attorney fees and costs under California Code of Civil Procedure section 1021.5.

## PRAYER FOR RELIEF

Plaintiff prays for relief and judgment against Defendants, jointly and severally as follows:

1.  For an order certifying the proposed class;

2.  For an order appointing Plaintiff as representative of Class Members;

3.  For an order appointing counsel for Plaintiff as counsel for Class Members;

4.  For compensatory, consequential, general, and special damages according to proof;

5.  For restitution of all monies due to Plaintiff and Class Members arising from Defendants' unlawful, unfair, and or fraudulent business practices;

6.  For injunctive relief as described herein;

7.  For interest accrued to date;

8.  For civil penalties according to the California Labor Code;

9.  For costs of suit, expenses, and attorney fees including, but not limited to California Labor Code sections 2802, 201-203, 226, 226.7, 512 and California Code of Civil Procedure section 1021.5; and

CLASS ACTION COMPLAINT

1     10. For all such other and further relief the Court may deem just and proper.

2                           **DEMAND FOR JURY TRIAL**

3          Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial.

4

5     Dated: January 31, 2022                    **NATHAN & ASSOCIATES, APC**

6

7                                         By: ____ */s/Reuben D. Nathan*

8                                              Attorney for Plaintiff
                                             CHRISTOPHER LURES and the
                                             Proposed Class

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-24-

# EXHIBIT B

22STCV03938
Electronically FILED by Superior Court of California, County of Los Angeles on 01/31/2022 06:12 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Martinez, Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ANTHEM, INC.; AIM SPECIALTY HEALTH; ANTHEM BLUE CROSS LIFE AND HEALTH
INSURANCE COMPANY; BLUE CROSS OF CALIFORNIA; and DOES 1–50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHRISTOPHER LURES, on behalf of himself and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es:)*  Los Angeles Superior Court<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | 22STCV03938 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Reuben D. Nathan, Esq., 2901 W. Coast Hwy., Ste. 200, Newport Beach, CA 92663; Tel: (949) 270-2798

| DATE:<br>*(Fecha)* 01/31/2022 | Clerk, by  Sherri R. Carter Executive Officer / Clerk of Court<br>*(Secretario)*  K. Martinez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario  Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100  [Rev. July 1, 2009] | **Page 1 of 1** |

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

EXHIBIT C

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Reuben D. Nathan, Esq. (SBN 208436)<br>2901 W. Coast Hwy., Ste. 200, Newport Beach, CA 92663<br><br>TELEPHONE NO.: (949) 270-2798    FAX NO. *(Optional):* (949) 209-0303<br>E-MAIL ADDRESS: rnathan@nathanlawpractice.com<br>ATTORNEY FOR *(Name):* Plaintiff, Christopher Lures | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
  CHRISTOPHER LURES v. ANTHEM, INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited**   [ ] **Limited**<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 22STCV03938 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Labor Code §§ 2800, et seq. 226.7, 512, 226, 201-203, etc., Cal. Bus & Prof. Code §17200
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: January 31, 2022
Reuben D. Nathan
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                      CM-010

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

Electronically FILED by Superior Court of California, County of Los Angeles on 01/31/2022 06:12 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Martinez, Deputy Clerk

| SHORT TITLE: CHRISTOPHER LURES v. ANTHEM, INC., et al. | CASE NUMBER 22STCV03938 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
# STATEMENT OF LOCATION
# (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 1 of 4

| SHORT TITLE: CHRISTOPHER LURES v. ANTHEM, INC. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: CHRISTOPHER LURES v. ANTHEM, INC. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: CHRISTOPHER LURES v. ANTHEM, INC. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:** ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___CENTRAL___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___January 31, 2022___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

EXHIBIT D

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/31/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ K. Martinez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV03938 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | William F. Highberger | 10 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 02/01/2022
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By K. Martinez_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

LACIV 190 (Rev 6/18)
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT E

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **_www.lacourt.org_** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
             (INSERT DATE)                                         (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at _www.lacourt.org_ under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Print          Save          Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      iii.    Be filed within two (2) court days of receipt of the Request; and

      iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | Clear |
|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

1

2

**FILED**

LOS ANGELES SUPERIOR COURT

3

MAY 11 2011

4

JOHN A. CLARKE, CLERK

5

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

6

7

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8

**FOR THE COUNTY OF LOS ANGELES**

9

10

General Order Re )
Use of Voluntary Efficient Litigation )
Stipulations )

11

)

12

)

13

_____)

ORDER PURSUANT TO CCP 1054(a),
EXTENDING TIME TO RESPOND BY
30 DAYS WHEN PARTIES AGREE
TO EARLY ORGANIZATIONAL
MEETING STIPULATION

14

15

16

17

18

Whereas the Los Angeles Superior Court and the Executive Committee of the
Litigation Section of the Los Angeles County Bar Association have cooperated in
drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for
use in general jurisdiction civil litigation in Los Angeles County;

19

20

21

22

23

24

25

26

27

28

Whereas the Los Angeles County Bar Association Litigation Section; the Los
Angeles County Bar Association Labor and Employment Law Section; the Consumer
Attorneys Association of Los Angeles; the Association of Southern California Defense
Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California
Employment Lawyers Association all "endorse the goal of promoting efficiency in
litigation, and ask that counsel consider using these stipulations as a voluntary way to
promote communications and procedures among counsel and with the court to fairly
resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1  by Code of Civil Procedure section 1054(a) without further need of a specific court

2  order.

3

4  DATED: _May 11, 2011_

5                                      Carolyn B. Kuhl, Supervising Judge of the
                                       Civil Departments, Los Angeles Superior Court
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

EXHIBIT F

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may <u>not</u> be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# EXHIBIT G

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) | FIRST AMENDED GENERAL ORDER |
| — MANDATORY ELECTRONIC FILING ) | |
| FOR CIVIL ) | |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

 i) Depositions;

 ii) Declarations;

 iii) Exhibits (including exhibits to declarations);

 iv) Transcripts (including excerpts within transcripts);

 v) Points and Authorities;

 vi) Citations; and

 vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1   11) SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3       Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4       Division of the Los Angeles County Superior Court.

5

6           This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

# EXHIBIT H

Electronically FILED by Superior Court of California, County of Los Angeles on 02/25/2022 12:13 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gnade, Deputy Clerk

Case 2:22-cv-02048-SVW-AS   Document 2   Filed 03/28/22   Page 66 of 98   Page ID #:176

**POS-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:**<br>Reuben D. Nathan  (SBN #208436)<br>NATHAN & ASSOCIATES<br>2901 W. COAST HWY, STE. 200<br>NEWPORT BEACH, CA 92663<br><br>TELEPHONE NO.: (949) 270-2798      FAX NO.: (949) 209-0303<br>EMAIL ADDRESS: rnathan@nathanlawpractice.com<br>ATTORNEY FOR: Plaintiff | ***FOR COURT USE ONLY*** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br> STREET ADDRESS: 111 North Hill Street<br> MAILING ADDRESS: 111 North Hill Street<br> CITY AND ZIP CODE: Los Angeles, 90012<br> BRANCH NAME: Stanley Mosk Courthouse |

| | |
|---|---|
| PLAINTIFF: CHRISTOPHER LURES, ON BEHALF OF HIMSELF AND ALL<br>           OTHERS SIMILARLY STITUATED<br>DEFENDANT: ANTHEM, INC.; ET AL., | CASE NUMBER:<br>22STCV03938 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.   At the time of service I was at least 18 years of age and not a party to this action.

2.   I served copies of:

   a.   | X |   summons

   b.   | X |   complaint

   c.   | X |   Alternative Dispute Resolution (ADR) package

   d.   | X |   Civil Case Cover Sheet (served in complex cases only)

   e.   | |   cross-complaint

   f.   | X |   other (specify documents):
   CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION, NOTICE OF CASE ASSIGNMENT
   UNLIMITED CIVIL CASE, FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR
   CIVIL, VOLUNTARY EFFICIENT LITIGATION STIPULATION, STIPULATION-DISCOVERY RESOLUTION {BLANK},
   INFORMAL DISCOVERY CONFERENCE (PURSUANT TO THE DISCOVERY RESOLUTION STIPULATION OF
   THE PARTIES){BLANK}, STIPULATION AND ORDER- MOTIONS IN LIMINE {BLANK}, ORDER PURSUANT TO
   CCP 1054 (A)

3.   a. Party served *(specify name of party as shown on documents served):*
       ANTHEM, INC.

     b.   | X |   Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
                under item 5b on whom substituted service was made)
       KATHLEEN S KIEFER / AGENT FOR SERVICE

4.   Address where the party was served:
       220 VIRGINIA AVENUE, INDIANAPOLIS, IN 46204

5.   I served the party *(check proper box)*

   a.   | |   **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
               receive service of process for the party  (1) on *(date):*                (2) at *(time):*

   b.   | X |   **by substituted service.** On *(date):* 2/24/2022   at *(time):* 12:24 pm I left the documents listed in item 2 with
               or in the presence of *(name and title or relationship to person indicated in item 3):*
       PATRICK JONES  LEGAL PROCESSOR

       Description: Age: 40, Sex: M, Race/Skin Color: CAUCASIAN, Height: 5'7", Weight: 165, Hair: BROWN, Glasses:
       .

       (1)   | X |   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of
                      business of the person to be served. I informed him or her of the general nature of the papers.

       (2)   | |   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or
                      usual place of abode of the party.  I informed him or her of the general nature of the papers.

**Page 1 of 3**

| | |
|---|---|
| PLAINTIFF: CHRISTOPHER LURES, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY STITUATED<br>DEFENDANT: ANTHEM, INC.; ET AL., | CASE NUMBER:<br>22STCV03938 |

(3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

(4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where copies were left (Code Civ. Proc., 415.20). I mailed the documents on *(date):* from *(city):* **or** ☒ a declaration of mailing is attached.

(5) ☐ I attached a **declaration of diligence** stating actions taken first to attempt personal service.

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☒ On behalf of *(specify):* ANTHEM, INC.
   under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
   | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
   | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
   | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
   | ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
   | | ☐ other: |

7. **Person who served papers**
   a. Name: Raymond Bandy
      Firm: AAA Attorney Services II, Inc.
   b. Address: P.O. Box 2309, Orange, CA 92859
   c. Telephone number: (714) 633-4167
   d. **The fee** for the service was: $
   e. I am:
      (1) ☒ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐ a registered California process server:
         (i) ☐ owner ☐ employee ☐ independent contractor.
         (ii) Registration No.:
         (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

**Page 2 of 3**

| PLAINTIFF: CHRISTOPHER LURES, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY STITUATED<br>DEFENDANT: ANTHEM, INC.; ET AL., | CASE NUMBER:<br>22STCV03938 |
| --- | --- |

Date: 2/24/22

_____
Raymond Bandy

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE)

**Page 3 of 3**

**PROOF OF SERVICE OF SUMMONS**

Job Number ACA-2022001013

| ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>Reuben D. Nathan  (SBN #208436)<br>NATHAN & ASSOCIATES<br>2901 W. COAST HWY, STE. 200<br>NEWPORT BEACH, CA 92663<br><br>  TELEPHONE NO.: (949) 270-2798      FAX NO.: (949) 209-0303<br>  EMAIL ADDRESS: rnathan@nathanlawpractice.com<br>  ATTORNEY FOR: Plaintiff | *FOR COURT USE ONLY* |
|---|---|

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>  STREET ADDRESS: 111 North Hill Street<br>  MAILING ADDRESS: 111 North Hill Street<br>  CITY AND ZIP CODE: Los Angeles, 90012<br>    BRANCH NAME: Stanley Mosk Courthouse |
|---|

| PLAINTIFF: CHRISTOPHER LURES, ON BEHALF OF HIMSELF AND ALL<br>          OTHERS SIMILARLY STITUATED<br>DEFENDANT: ANTHEM, INC.; ET AL., | CASE NUMBER:<br>22STCV03938 |
|---|---|

| **DECLARATION OF MAILING** | Ref. No. or File No.: |
|---|---|

1.   I, C. MORALES, am at least 18 years of age and not a party to this action.

2.   Documents mailed:

Summons; Complaint; Alternative Dispute Resolution (ADR) package; Civil Case Sheet; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION, NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE, FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL, VOLUNTARY EFFICIENT LITIGATION STIPULATION, STIPULATION-DISCOVERY RESOLUTION {BLANK}, INFORMAL DISCOVERY CONFERENCE (PURSUANT TO THE DISCOVERY RESOLUTION STIPULATION OF THE PARTIES) {BLANK}, STIPULATION AND ORDER- MOTIONS IN LIMINE {BLANK}, ORDER PURSUANT TO CCP 1054 (A)

3.   A true copy of the documents were sealed in an envelope and placed in the United States mail with First Class postage prepaid as follows:

Date:              2/24/2022
Location:          ORANGE CA
Addressed:         KATHLEEN S KIEFER / AGENT FOR SERVICE, ANTHEM, INC., 220 VIRGINIA AVENUE,
                   INDIANAPOLIS, IN 46204

4.   Person performing mailing:

Name:              C. MORALES
Firm:              AAA Attorney Services II, Inc.
Address:           P.O. Box 2309, Orange, CA 92859
Telephone Number:  (714) 633-4167

5.   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   2/24/2022

_____
C. MORALES
(PRINTED NAME)

▶ _____
(SIGNATURE)

**Page 1 of 1**

**DECLARATION OF MAILING**                    Job Number ACA-2022001013

EXHIBIT I

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 10

**22STCV03938**                                                    March 10, 2022
**CHRISTOPHER LURES vs ANTHEM, INC., et al.**                                  3:00 PM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: J. Almanza                  ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order re Setting Initial Status Conference

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has assigned this case to this department for all
purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand
dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.
All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of
service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
05/10/2022 at 02:30 PM in this department. At least ten (10) days prior to the Initial Status
Conference, counsel for all parties must discuss the issues set forth in the Initial Status
Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response
Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the
Court and the parties manage this complex case by developing an orderly schedule for briefing,
discovery, and court hearings. The parties are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice
of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of
Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 10

**22STCV03938**                                                                   March 10, 2022
**CHRISTOPHER LURES vs ANTHEM, INC., et al.**                                         3:00 PM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: J. Almanza                   ERM: None
Courtroom Assistant: None                        Deputy Sheriff: None

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to
Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended
Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a
Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to
https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for
"Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's
First Amended General Order of May 3, 2019, particularly including the provisions therein
requiring Bookmarking with links to primary documents and citations; that Order is available on
the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every
new case to use an approved third-party cloud service that provides an electronic message board.
In order to facilitate communication with counsel prior to the Initial Status Conference, the
parties must sign-up with the e-service provider at least ten (10) court days in advance of the
Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and
parties to make audio or video appearances in Los Angeles County courtrooms.
LACourtConnect technology provides a secure, safe and convenient way to attend hearings
remotely. A key element of the Court's Access LACourt YOUR WAY program to provide
services and access to justice, LACourtConnect is intended to enhance social distancing and
change the traditional in-person courtroom appearance model. See
https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS")
portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the
Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1
is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own
arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information
on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 10

**22STCV03938**                                                    March 10, 2022
**CHRISTOPHER LURES vs ANTHEM, INC., et al.**                                3:00 PM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: J. Almanza                  ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

**FILED**
Superior Court of California
County of Los Angeles

**03/10/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Deputy
J. Almanza

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

|  |  |
|---|---|
| Christopher Lures | ) Case No. **22STCV03938** |
| Plaintiff, | ) ) INITIAL STATUS CONFERENCE ORDER ) (COMPLEX CLASS ACTIONS) |
| v. | ) ) Case Assigned for All Purposes to ) Judge William F. Highberger |
| Anthem, Inc., et al. | ) ) |
| Defendant. | ) Department: SS10 ) Date:  05/10/2022 ) Time: 2:30 p.m. ) ) |

This Initial Status Conference Order (Complex Class Actions) supplements a Minute Order served concurrently herewith.  That Minute Order sets a date and time for the Initial Status Conference and includes many other important provisions which are NOT repeated in this Order.  Counsel must review that Minute Order carefully to be fully informed of your obligations and the unique processes used in the Los Angeles Superior Court Complex Courtrooms.

Note: Some provisions of this Order are in reference to wage-and-hour class actions and may not be applicable to other types of class actions.  Insofar as they are irrelevant to your case, say so in your Joint Initial Status Conference Response Statement.

Pending further order, the following is ordered:

The court orders counsel to prepare for the Initial Status Conference ("ISC") by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. **STATUS OF PLEADINGS:** Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. **POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4. **IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of

interest as described in *Apple Computer v. Superior Court* (2005) 126 Cal.App.4th 1253, please explain.  No prejudice will attach to these responses.

**6.  ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

**7.  OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

**8.  POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:**  Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort.   Opposing parties must summarize their views on this issue.

**9.  POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- Motion to Compel Arbitration,

- Early motions in limine,

- Early motions about particular jury instructions and verdict forms,

- Demurrers,

- Motions to strike,

- Motions for judgment on the pleadings, and

- Motions for summary judgment and summary adjudication.

**10. CLASS CONTACT INFORMATION:**  Counsel should discuss whether obtaining class contact information from defendant' s records is necessary in this case and, if so,  whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561).  Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

**11. PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**12. DISCOVERY:**  Please discuss a discovery plan.  If the parties cannot agree on a plan,   summarize each side's views on discovery.   The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**13. INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**15. TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

**16. REMINDER WHEN SEEKING TO DISMISS:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . .  Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration,

---

[1] See California Rule of Court, Rule 3.768.

4

direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2]

If the parties have settled the class action, that too will require judicial approval based on a noticed

motion (although it may be possible to shorten time by consent for good cause shown).

**17. REMINDER WHEN SEEKING APPROVAL OF A SETTLEMENT:**

Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary

approval and demonstrate compliance with California Rule of Court  3.769, and the Rules of

Professional Conduct 2-200(a) as required by *Mark v. Spencer* (2008) 166 Cal.App. 4th 219.

**18. NOTICE OF THE ISC ORDER:**

Plaintiff's counsel shall serve this Initial Status Conference Order on all defense counsel, or

if counsel is not known, on each defendant and file a Proof of Service with the court within

seven (7) days of the date of this Order.  If the Complaint has not been served as of the date

of this Order, plaintiff(s) must serve the Complaint, along with a copy of this Order, within

five (5) days of the date of this Order.  Once served, each as yet non-appearing defendant

shall file a Notice of Appearance (identifying counsel by name, firm name, address, email

address, telephone number and fax number).  The filing of a Notice of Appearance is without

prejudice to (a) any jurisdictional, substantive or procedural challenge to the Complaint, (b)

any affirmative defense, and (c) the filing of any cross-complaint in this action.

Dated:  03/10/2022

William F. Highberger / Judge
Judge of the Los Angeles Superior Court

---

[2] California Rule of Court, Rule 3.770(a)

5

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/10/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ J. Almanza _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Christopher Lures | |
| DEFENDANT/RESPONDENT:<br>Anthem, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22STCV03938 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order re Setting Initial Status Conference) of 03/10/2022, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Reuben  Nathan
Nathan & Associates, APC
2901 W. Coast Hwy., Ste. 200
Newport Beach, CA  92663

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 03/10/2022                    By:   J. Almanza _____
                                              Deputy Clerk

**CERTIFICATE OF MAILING**

EXHIBIT J

Electronically FILED by Superior Court of California, County of Los Angeles on 03/25/2022 02:51 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Perez,Deputy Clerk

1  MORGAN, LEWIS & BOCKIUS LLP
   Michael D. Weil, Bar No. 209056
2  michael.weil@morganlewis.com
   One Market
3  Spear Street Tower
   San Francisco, CA  94105-1596
4  Tel:    +1.415.442.1000
   Fax:    +1.415.442.1001
5
   MORGAN, LEWIS & BOCKIUS LLP
6  Jennifer B. Zargarof, Bar No. 204382
   jennifer.zargarof@morganlewis.com
7  Anahi Cruz, Bar No. 324326
   anahi.cruz@morganlewis.com
8  300 South Grand Avenue
   Twenty-Second Floor
9  Los Angeles, CA  90071-3132
   Tel:    +1.213.612.2500
10 Fax:    +1.213.612.2501

11 Attorneys for Defendants,
   ANTHEM, INC.; AIM SPECIALTY HEALTH;
12 ANTHEM BLUE CROSS LIFE AND HEALTH
   INSURANCE COMPANY; BLUE CROSS OF
13 CALIFORNIA

14

15           SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                    COUNTY OF LOS ANGELES

17

18 CHRISTOPHER LURES, on behalf of himself    Case No.   22STCV03938
   and all others similarly situated,
19                                            Assigned to: Hon. William F. Highberger
                Plaintiffs,                              Dept. SSC-10
20
        vs.                                   **DEFENDANTS ANTHEM INC., AIM
21                                            SPECIALTY HEALTH, ANTHEM
   ANTHEM, INC.; AIM SPECIALTY             BLUE CROSS LIFE AND HEALTH
22 HEALTH; ANTHEM BLUE CROSS LIFE           INSURANCE COMPANY AND BLUE
   AND HEALTH INSURANCE COMPANY;            CROSS OF CALIFORNIA'S ANSWER
23 BLUE CROSS OF CALIFORNIA and DOES        TO PLAINTIFF'S COMPLAINT**
   1-50, inclusive,
24                                            Date of Filing: January 31, 2022
                Defendants.                   Trial Date: None Set
25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS ANSWER TO COMPLAINT

1   Defendants Anthem, Inc., AIM Specialty Health, Anthem Blue Cross Life and Health

2   Insurance Company, and Blue Cross of California (together, "Anthem" or "Defendants") hereby

3   submit this Answer to Plaintiff Christopher Lures' ("Lures" or "Plaintiff") Complaint and deny

4   and aver as follows:

5   **GENERAL DENIAL**

6   Pursuant to Section 431.30 of the California Code of Civil Procedure, Defendants

7   generally deny all the allegations in Plaintiff's unverified Complaint, and further deny that

8   Plaintiff has been damaged in any amount, or at all. Defendants also deny that they are liable to

9   Plaintiff, or any member of the purported class asserted, for the sum or sums alleged or for any

10  other amount whatsoever.

11  **AFFIRMATIVE DEFENSES**

12  Defendants have not completed their investigation of the facts of this case, have not

13  completed discovery in this matter, and have not completed their preparation for trial. The

14  defenses asserted herein are based on Defendants' knowledge, information, and belief at this

15  time. Defendants specifically reserve the right to modify, amend, or supplement any defense

16  contained herein at any time. Without conceding that they bear the burden of proof or persuasion

17  as to any one of them, Defendants allege the following separate defenses to the Complaint:

18  **FIRST AFFIRMATIVE DEFENSE**

19  **(Failure to State a Claim)**

20  1.     The Complaint and each alleged cause of action contained therein fails to state a

21  cause of action upon which relief can be granted against Defendants.

22  **SECOND AFFIRMATIVE DEFENSE**

23  **(Statute of Limitations)**

24  2.     Defendants allege that Plaintiff's claims and the claims of each putative member

25  of the purported class are barred in whole or in part by the applicable statutes of limitations.

26

27

28

1

**THIRD AFFIRMATIVE DEFENSE**

2

**(Lack of Standing)**

3

3.     The Complaint, and each cause of action alleged therein, is barred because

4

Plaintiff lacks standing to bring such claim(s) or to seek such relief against Defendants, and

5

therefore cannot pursue alleged class action claims or recover any class action relief.

6

**FOURTH AFFIRMATIVE DEFENSE**

7

**(Estoppel)**

8

4.     Defendants are informed and believe, and based upon such information and belief

9

aver, that the Complaint, and each cause of action therein, is barred for the reason that, by their

10

actions, Plaintiff and the putative class members are estopped from bringing any cause of action.

11

**FIFTH AFFIRMATIVE DEFENSE**

12

**(Consent)**

13

5.     Plaintiff's causes of action are barred, in whole or in part, because of the

14

ratification, agreement, acquiescence or consent to Defendants' alleged conduct by Plaintiff

15

and/or putative class members.

16

**SIXTH AFFIRMATIVE DEFENSE**

17

**(Unclean Hands)**

18

6.     Defendants are informed and believe, and based upon such information and belief

19

aver, that the Complaint, and each cause of action therein, is barred by the doctrine of unclean

20

hands.

21

**SEVENTH AFFIRMATIVE DEFENSE**

22

**(Laches)**

23

7.     Defendants are informed and believe, and based upon such information and belief

24

aver, that the Complaint, and each cause of action therein, is barred by the doctrine of laches, in

25

that Plaintiff unreasonably delayed in bringing the action.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3                    DEFENDANTS ANSWER TO COMPLAINT

1

**EIGHTH AFFIRMATIVE DEFENSE**

2

**(Failure to Mitigate)**

3

8. To the extent Plaintiff and any putative class members seek actual damages from

4

Defendants, any such claim for damages is barred by the failure to mitigate damages.

5

**NINTH AFFIRMATIVE DEFENSE**

6

**(Waiver)**

7

9. Defendants are informed and believe, and based upon such information and belief

8

aver, that some or all of the causes of action asserted in the Complaint are barred by the doctrine

9

of waiver. Defendants provided Plaintiff and other putative class members the opportunity to take

10

full, uninterrupted 30-minute, off-duty meal breaks that commenced by the end of the fifth hour

11

of work.  On occasion, at their election and not at the direction of Defendants, Plaintiff and other

12

putative class members did not take this opportunity and instead worked during all of a portion of

13

their provided meal break.  On other occasions, at their election and not at the direction of

14

Defendants, Plaintiff and other putative class members did not take the opportunity for a meal

15

break by the end of the fifth hour, instead taking a 30-minute off-duty break later in the day.

16

**TENTH AFFIRMATIVE DEFENSE**

17

**(Setoff, Offset, Recoupment)**

18

10. Some or all of the purported causes of action in the Complaint seek damages that

19

are subject to setoff, offset, and/or recoupment.

20

**ELEVENTH AFFIRMATIVE DEFENSE**

21

**(Legitimate Business Purpose)**

22

11. Defendants allege that they cannot be liable for any alleged violation of the

23

California Business and Professions Code §§ 17200, *et seq*. because their actions, conduct, and

24

dealings with employees were lawful and were carried out in good faith and for a legitimate

25

business purpose.

26

27

28

### TWELFTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Penalties)

12.     Plaintiff's claims for "penalties" under the California Labor Code are barred because California's laws, rules and procedures permitting penalties thereunder deny due process and thus violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the California Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

13.     Any alleged failure to pay Plaintiff and/or putative class members was based on a good faith understanding of any applicable administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the California Industrial Welfare Commission, the California Division of Labor Standards Enforcement, the United States Department of Labor, and/or other governmental entities.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Willfulness)

14.     If Defendants are found to have failed to pay all wages owed to Plaintiff and/or any putative class member, which Defendants deny, then Defendants did not willfully fail to pay Plaintiff those wages owing, if any.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (No Penalties – Good Faith Dispute)

15.     Any alleged failure to pay Plaintiff and/or putative class members was based on a good faith understanding of any applicable administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the California Industrial Welfare Commission, the California Division of Labor Standards Enforcement, the United States Department of Labor, and/or other governmental entities.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Conduct Reasonable and in Good Faith/Not Willful, Knowing or Intentional)

16.     If Defendants are found to have failed to maintain payroll records or wage statements or to pay Plaintiff or any putative class members any amount due, which Defendants deny, Defendants acted at all times on the basis of a good faith and reasonable belief that it had complied fully with the applicable wage and hour laws. Defendants' conduct was not willful, knowing, or intentional within the meaning of the California Labor Code.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Settlement and Release)

17.     Some or all of the purported causes of action in the Complaint are subject to the doctrine of settlement and release.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Due Process/Excessive Fines)

18.     Although Defendants deny that they have committed or have responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendants is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article 1, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article 1, and other provisions of the California Constitution and are otherwise punitive and confiscatory in nature.

## RESERVATION OF RIGHT TO AMEND ANSWER

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial. The affirmative defenses asserted herein are based on Defendants' knowledge, information, and belief at this time, and Defendants specifically reserve the right to modify, amend, or supplement any

1   affirmative defenses contained herein at any time.

2   **PRAYER**

3   WHEREFORE, Defendants pray for judgment that:

4   1.   The Complaint be dismissed in its entirety;

5   2.   Plaintiff's requests for monetary damages be denied in their entirety;

6   3.   Plaintiff's requests for compensatory and special damages be denied in their

7   entirety;

8   4.   Plaintiff's requests for penalties be denied in their entirety;

9   5.   Plaintiff's requests for restitutionary relief be denied in their entirety;

10   6.   Plaintiff's requests for injunctive relief be denied in their entirety;

11   7.   Plaintiff takes nothing by reason of his Complaint and that judgment be rendered

12   in favor of Defendants;

13   8.   Defendants be awarded their costs of suit and attorneys' fees incurred in defense of

14   this action; and

15   9.   The Court award Defendants such other and further relief as the Court may deem

16   just and proper.

17

18   Dated: March 25, 2022          MORGAN, LEWIS & BOCKIUS LLP

19                                  By _____

20                                  Jennifer B. Zargarof
                                    Michael D. Weil
21                                  Anahi Cruz
                                    Attorneys for Defendants
22                                  ANTHEM, INC., AIM SPECIALTY
                                    HEALTH, ANTHEM BLUE CROSS LIFE
23                                  AND HEALTH INSURANCE; and BLUE
                                    CROSS OF CALIFORNIA

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7          DEFENDANTS ANSWER TO COMPLAINT

## **PROOF OF SERVICE**

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within entitled action.  My business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA  90071-3132.

On March 25, 2022, I served a copy of the within document(s):

ANSWER

[X]     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

[ ]     by placing the document(s) listed above in a sealed FedEx envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FedEx agent for delivery.

[ ]     by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Reuben D. Nathan                          Tel: (949) 270-2798
Nathan & Associates, APC                  Fax: (949) 209-0303
2901 W. Coast Highway, Suite 200          rnathan@nathanlawpractice.com
Newport Beach, CA  92663

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 25, 2022, at Los Angeles, California.

*Kristina Wilcox*

_____
Kristina Wilcox

DB2/ 42926642.1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT K

1   MORGAN, LEWIS & BOCKIUS LLP
    Michael D. Weil, Bar No. 209056
2   michael.weil@morganlewis.com
    One Market
3   Spear Street Tower
    San Francisco, CA  94105-1596
4   Tel:     +1.415.442.1000
    Fax:    +1.415.442.1001
5
    MORGAN, LEWIS & BOCKIUS LLP
6   Jennifer B. Zargarof, Bar No. 204382
    jennifer.zargarof@morganlewis.com
7   Anahi Cruz, Bar No. 324326
    anahi.cruz@morganlewis.com
8   300 South Grand Avenue
    Twenty-Second Floor
9   Los Angeles, CA  90071-3132
    Tel:     +1.213.612.2500
10  Fax:    +1.213.612.2501

11  Attorneys for Defendants,
    ANTHEM, INC.; AIM SPECIALTY HEALTH;
12  ANTHEM BLUE CROSS LIFE AND HEALTH
    INSURANCE COMPANY; BLUE CROSS OF
13  CALIFORNIA

14

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                       COUNTY OF LOS ANGELES

17

18  CHRISTOPHER LURES, on behalf of himself      Case No.   22STCV03938
    and all others similarly situated,
19                                                Assigned to: Hon. William F. Highberger
                   Plaintiffs,                               Dept. SSC-10
20
            vs.                                   **DEFENDANTS ANTHEM INC., AIM
21                                                SPECIALTY HEALTH, ANTHEM
    ANTHEM, INC.; AIM SPECIALTY             BLUE CROSS LIFE AND HEALTH
22  HEALTH; ANTHEM BLUE CROSS LIFE          INSURANCE COMPANY AND BLUE
    AND HEALTH INSURANCE COMPANY;           CROSS OF CALIFORNIA'S FIRST
23  BLUE CROSS OF CALIFORNIA and DOES       AMENDED ANSWER TO
    1-50, inclusive,                              PLAINTIFF'S COMPLAINT**
24
                   Defendants.                    Date of Filing: January 31, 2022
25                                                Trial Date: None Set

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  SAN FRANCISCO

                                                 DEFENDANTS AMENDED ANSWER TO
                                                                      COMPLAINT

Defendants Anthem, Inc., AIM Specialty Health, Anthem Blue Cross Life and Health Insurance Company, and Blue Cross of California (together, "Anthem" or "Defendants") hereby submit this First Amended Answer to Plaintiff Christopher Lures' ("Lures" or "Plaintiff") Complaint and deny and aver as follows:

## GENERAL DENIAL

Pursuant to Section 431.30 of the California Code of Civil Procedure, Defendants generally deny all the allegations in Plaintiff's unverified Complaint, and further deny that Plaintiff has been damaged in any amount, or at all. Defendants also deny that they are liable to Plaintiff, or any member of the purported class asserted, for the sum or sums alleged or for any other amount whatsoever.

## AFFIRMATIVE DEFENSES

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial. The defenses asserted herein are based on Defendants' knowledge, information, and belief at this time. Defendants specifically reserve the right to modify, amend, or supplement any defense contained herein at any time. Without conceding that they bear the burden of proof or persuasion as to any one of them, Defendants allege the following separate defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      The Complaint and each alleged cause of action contained therein fails to state a cause of action upon which relief can be granted against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      Defendants allege that Plaintiff's claims and the claims of each putative member of the purported class are barred in whole or in part by the applicable statutes of limitations.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANTS AMENDED ANSWER TO
COMPLAINT

1

**THIRD AFFIRMATIVE DEFENSE**

2

**(Lack of Standing)**

3

      3.      The Complaint, and each cause of action alleged therein, is barred because

4

Plaintiff lacks standing to bring such claim(s) or to seek such relief against Defendants, and

5

therefore cannot pursue alleged class action claims or recover any class action relief.

6

**FOURTH AFFIRMATIVE DEFENSE**

7

**(Estoppel)**

8

      4.      Defendants are informed and believe, and based upon such information and belief

9

aver, that the Complaint, and each cause of action therein, is barred for the reason that, by their

10

actions, Plaintiff and the putative class members are estopped from bringing any cause of action.

11

**FIFTH AFFIRMATIVE DEFENSE**

12

**(Consent)**

13

      5.      Plaintiff's causes of action are barred, in whole or in part, because of the

14

ratification, agreement, acquiescence or consent to Defendants' alleged conduct by Plaintiff

15

and/or putative class members.

16

**SIXTH AFFIRMATIVE DEFENSE**

17

**(Unclean Hands)**

18

      6.      Defendants are informed and believe, and based upon such information and belief

19

aver, that the Complaint, and each cause of action therein, is barred by the doctrine of unclean

20

hands.

21

**SEVENTH AFFIRMATIVE DEFENSE**

22

**(Laches)**

23

      7.      Defendants are informed and believe, and based upon such information and belief

24

aver, that the Complaint, and each cause of action therein, is barred by the doctrine of laches, in

25

that Plaintiff unreasonably delayed in bringing the action.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANTS AMENDED ANSWER TO
COMPLAINT

1

**EIGHTH AFFIRMATIVE DEFENSE**

2

**(Failure to Mitigate)**

3    8.    To the extent Plaintiff and any putative class members seek actual damages from

4    Defendants, any such claim for damages is barred by the failure to mitigate damages.

5

**NINTH AFFIRMATIVE DEFENSE**

6

**(Waiver)**

7    9.    Defendants are informed and believe, and based upon such information and belief

8    aver, that some or all of the causes of action asserted in the Complaint are barred by the doctrine

9    of waiver. Defendants provided Plaintiff and other putative class members the opportunity to take

10   full, uninterrupted 30-minute, off-duty meal breaks that commenced by the end of the fifth hour

11   of work.  On occasion, at their election and not at the direction of Defendants, Plaintiff and other

12   putative class members did not take this opportunity and instead worked during all of a portion of

13   their provided meal break.  On other occasions, at their election and not at the direction of

14   Defendants, Plaintiff and other putative class members did not take the opportunity for a meal

15   break by the end of the fifth hour, instead taking a 30-minute off-duty break later in the day.

16

**TENTH AFFIRMATIVE DEFENSE**

17

**(Setoff, Offset, Recoupment)**

18   10.   Some or all of the purported causes of action in the Complaint seek damages that

19   are subject to setoff, offset, and/or recoupment.

20

**ELEVENTH AFFIRMATIVE DEFENSE**

21

**(Legitimate Business Purpose)**

22   11.   Defendants allege that they cannot be liable for any alleged violation of the

23   California Business and Professions Code §§ 17200, *et seq*. because their actions, conduct, and

24   dealings with employees were lawful and were carried out in good faith and for a legitimate

25   business purpose.

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

4

DEFENDANTS AMENDED ANSWER TO
COMPLAINT

1

**TWELFTH AFFIRMATIVE DEFENSE**

2

**(Unconstitutionality of Penalties)**

3

12.     Plaintiff's claims for "penalties" under the California Labor Code are barred

4

because California's laws, rules and procedures permitting penalties thereunder deny due process

5

and thus violate the Fifth and Fourteenth Amendments to the United States Constitution and

6

Article I, Section 6 of the California Constitution.

7

**THIRTEENTH AFFIRMATIVE DEFENSE**

8

**(Good Faith)**

9

13.     Any alleged failure to pay Plaintiff and/or putative class members was based on a

10

good faith understanding of any applicable administrative regulation, order, ruling, approval,

11

interpretation, administrative practice, and/or enforcement policy of the California Industrial

12

Welfare Commission, the California Division of Labor Standards Enforcement, the United States

13

Department of Labor, and/or other governmental entities.

14

**FOURTEENTH AFFIRMATIVE DEFENSE**

15

**(No Willfulness)**

16

14.     If Defendants are found to have failed to pay all wages owed to Plaintiff and/or

17

any putative class member, which Defendants deny, then Defendants did not willfully fail to pay

18

Plaintiff those wages owing, if any.

19

**FIFTEENTH AFFIRMATIVE DEFENSE**

20

**(No Penalties – Good Faith Dispute)**

21

15.     Any alleged failure to pay Plaintiff and/or putative class members was based on a

22

good faith understanding of any applicable administrative regulation, order, ruling, approval,

23

interpretation, administrative practice, and/or enforcement policy of the California Industrial

24

Welfare Commission, the California Division of Labor Standards Enforcement, the United States

25

Department of Labor, and/or other governmental entities.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANTS AMENDED ANSWER TO
COMPLAINT

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Conduct Reasonable and in Good Faith/Not Willful, Knowing or Intentional)

16.     If Defendants are found to have failed to maintain payroll records or wage statements or to pay Plaintiff or any putative class members any amount due, which Defendants deny, Defendants acted at all times on the basis of a good faith and reasonable belief that it had complied fully with the applicable wage and hour laws. Defendants' conduct was not willful, knowing, or intentional within the meaning of the California Labor Code.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Settlement and Release)

17.     Some or all of the purported causes of action in the Complaint are subject to the doctrine of settlement and release.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Arbitration)

18.     As to some or all putative class members, the Court lacks jurisdiction over the Complaint, and each and every purported cause of action alleged therein, because they are subject to a binding arbitration agreement and class action waiver with Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Due Process/Excessive Fines)

19.     Although Defendants deny that they have committed or have responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendants is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article 1, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article 1, and other provisions of the California Constitution and are otherwise punitive and confiscatory in nature.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANTS AMENDED ANSWER TO
COMPLAINT

## **RESERVATION OF RIGHT TO AMEND ANSWER**

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial. The affirmative defenses asserted herein are based on Defendants' knowledge, information, and belief at this time, and Defendants specifically reserve the right to modify, amend, or supplement any affirmative defenses contained herein at any time.

## **PRAYER**

WHEREFORE, Defendants pray for judgment that:

1.    The Complaint be dismissed in its entirety;

2.    Plaintiff's requests for monetary damages be denied in their entirety;

3.    Plaintiff's requests for compensatory and special damages be denied in their entirety;

4.    Plaintiff's requests for penalties be denied in their entirety;

5.    Plaintiff's requests for restitutionary relief be denied in their entirety;

6.    Plaintiff's requests for injunctive relief be denied in their entirety;

7.    Plaintiff takes nothing by reason of his Complaint and that judgment be rendered in favor of Defendants;

8.    Defendants be awarded their costs of suit and attorneys' fees incurred in defense of this action; and

9.    The Court award Defendants such other and further relief as the Court may deem just and proper.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANTS AMENDED ANSWER TO
COMPLAINT

1    Dated: March 25, 2022                    MORGAN, LEWIS & BOCKIUS LLP

2

3                                             By
                                                Jennifer B. Zargarof
4                                                Michael D. Weil
                                                 Anahi Cruz
5                                                Attorneys for Defendants
                                                 ANTHEM, INC., AIM SPECIALTY
6                                                HEALTH, ANTHEM BLUE CROSS LIFE
                                                 AND HEALTH INSURANCE; and BLUE
7                                                CROSS OF CALIFORNIA

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  SAN FRANCISCO

                                          8        DEFENDANTS AMENDED ANSWER TO
                                                                          COMPLAINT

1

## **PROOF OF SERVICE**

2          I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within entitled action.  My business address

3 is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA  90071-3132.

4          On March 28, 2022, I served a copy of the within document(s):

5      DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

6      ☒      by placing the document(s) listed above in a sealed envelope with postage thereon

7                 fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

8      ☐      by placing the document(s) listed above in a sealed FedEx envelope and affixing a

9                 pre-paid air bill, and causing the envelope to be delivered to a FedEx agent for delivery.

10

11      ☐      by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

12 Reuben D. Nathan                    Tel: (949) 270-2798

13 Nathan & Associates, APC           Fax: (949) 209-0303

2901 W. Coast Highway, Suite 200      rnathan@nathanlawpractice.com

14 Newport Beach, CA  92663

15          I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

16 day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage

17 meter date is more than one day after date of deposit for mailing in affidavit.

18          I declare under penalty of perjury under the laws of the State of California that the above

19 is true and correct.

          Executed on March 28, 2022, at Los Angeles, California.

20

21

22                       *Kristina Wilcox*

                                    Kristina Wilcox

23

24 DB2/ 42926642.1

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES