MORGAN, LEWIS & BOCKIUS LLP
Michael D. Weil, Bar No. 209056
michael.weil@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Jennifer Zargarof, Bar No. 204382
jennifer.zargarof@morganlewis.com
Anahi Cruz, Bar No. 324326
anahi.cruz@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

Attorneys for Defendants,
ANTHEM, INC., AIM SPECIALTY HEALTH,
ANTHEM BLUE CROSS LIFE AND HEALTH
INSURANCE, and BLUE CROSS OF
CALIFORNIA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LURES, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ANTHEM, INC.; AIM SPECIALTY HEALTH; ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY; BLUE CROSS OF CALIFORNIA and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:22-cv-02048-SVW-AS<br><br>**DEFENDANTS' NOTICE OF RELATED CASES**<br><br>[C.D. Cal. L.R. 83-1.3] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' NOTICE OF RELATED
CASES

**TO THE HONORABLE COURT, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to Local Rule 83-1.3.1, the above-captioned action is related to another action pending before this Court, *Kikishia Burrus v. Anthem, Inc., et al.*, Case No. 2:22-cv-09433-JLS (MARx) (the "*Burrus* Action"), as defined by Local Rule 83-1.3.1.  Attached as Exhibit A to this notice is a true and correct copy of the operative complaint in the *Burrus* Action.

This case is related to the *Burrus* Action because they both involve overlapping claims, parties, and employees.  Defendant Elevance Health, Inc. (f.k.a. Anthem, Inc.) ("Elevance") is a defendant in both actions.  The plaintiff in the *Burrus* Action alleges causes of action against Defendants The Elevance Health Companies, Inc. and Elevance Health, Inc. for: (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay hourly wages; (4) failure to indemnify; (5) failure to provide accurate written wage statements; (6) failure to timely pay all final wages; (7) secret profit through unlawful deduction of wages; and (8) unfair competition.  *See* Ex. A. The claims in the operative complaint in the instant action substantially overlap these causes of action.  ECF 2, Ex. A (Compl.). The putative class members and the purported liability period covered by each action substantially overlap.  *Compare* ECF 2, Ex. A (Compl. ¶ 34) (defining purported class to include "[a]ll current and former non-exempt employees of Defendants located within the geographic boundary of the State of California, at any time from January 31, 2018 to the date of judgment"), *with* Ex. A (Compl. ¶ 10) (defining purported class to include "[a]ll persons employed by Defendants . . . in hourly or non-exempt positions in California during the **Relevant Time Period**") (emphasis in original).

The *Lures* action seeks to recover damages on behalf of a putative class of individuals who are also alleged members of the putative class in the *Burrus* Action, for the same alleged Labor Code violations and based on the same factual

DEFENDANTS' NOTICE OF RELATED CASES

allegations alleged in the *Burrus* Action.  The *Burrus* Action and the present action both allege violations of Labor Code §§ 201, 202, 203, 204, 221, 222, 223, 226(a), 226.7, 512, and 2802 and Business & Professions Code §§ 17200, *et seq*. Given the overlap of claims and putative class members, these cases call for the determination of the same or substantially similar questions of law fact.

The *Lures* action is currently stayed in accordance with the parties' joint stipulation to stay the matter pending arbitration of plaintiff's claims pursuant to an arbitration agreement between the parties.  However, should either party seek to confirm or vacate an arbitration award, the issues presented by that petition would directly relate to the issues presented in the *Burrus* Action.


Dated:        January 11, 2023                    MORGAN, LEWIS & BOCKIUS LLP


By  */s/ Michael D. Weil*
Michael D. Weil
Jennifer B. Zargarof
Anahi Cruz
Attorneys for Defendants
THE ELEVANCE HEALTH
COMPANIES, INC. (f.k.a. The
Anthem Companies, Inc.) and
ELEVANCE HEALTH, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANTS' NOTICE OF RELATED
CASES

# EXHIBIT A

E-FILED
8/18/2022 10:44 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV402114
Reviewed By: R. Walker

1  Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2  Jose Maria D. Patino, Jr. (SBN 270194)
   jose@setarehlaw.com
3  Maxim Gorbunov (SBN 343128)
   maxim@setarehlaw.com
4  SETAREH LAW GROUP
   9665 Wilshire Boulevard, Suite 430
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff  KIKISHIA BURRUS

8  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9  FOR THE COUNTY OF SANTA CLARA

10  UNLIMITED JURISDICTION

11  KIKISHIA BURRUS, on behalf of herself and
   all others similarly situated, and the general
12  public,

13          *Plaintiff*,

14        v.

15  THE ANTHEM COMPANIES, INC., an
   Indiana corporation; ELEVANCE HEALTH,
16  INC., an Indiana corporation; and DOES 1
   through 50, inclusive,

17          *Defendants*.

18

19

20

21

22

23

24

25

26

27

28

**22CV402114**

Case No.

**CLASS ACTION**

**COMPLAINT**

1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);
2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);
3. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);
4. Failure to Indemnify (Lab. Code § 2802);
5. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));
6. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);
7. Secret Profit Through Unlawful Deduction of Wages (Lab. Code §§ 221, 222, 223);
8. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*);
9. Civil Penalties (Lab. Code § 2698, *et seq.*)

**JURY TRIAL DEMANDED**

Plaintiff KIKISHIA BURRUS ("Plaintiff"), on behalf of herself and all others similarly situated, and the general public, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this class action against defendants THE ANTHEM COMPANIES, INC., an Indiana corporation; ELEVANCE HEALTH, INC., an Indiana corporation; and DOES 1 through 50, inclusive, (collectively referred to as "Defendants") for alleged violations of the Labor Code. As set forth below, Plaintiff alleges that Defendants have

(1)     failed to provide Plaintiff and all other similarly situated individuals with meal periods;

(2)     failed to provide them with rest periods;

(3)     failed to pay them premium wages for missed meal and/or rest periods;

(4)     failed to pay them premium wages for missed meal and/or rest periods at the regular rate of pay;

(5)     failed to pay them at least minimum wage for all hours worked;

(6)     failed to pay them overtime wages at the correct rate;

(7)     failed to pay them double time wages at the correct rate;

(8)     failed to pay them overtime and/or double time wages by failing to include all applicable remuneration in calculating the regular rate of pay;

(9)     failed to reimburse them for all necessary business expenses;

(10)    unlawfully deducted, received, and/or withheld wages, secretly paying wages below scale;

(11)    failed to provide them with accurate written wage statements; and

(12)    failed to pay them all of their final wages following separation of employment.

Based on these alleged violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution, statutory penalties, and related relief on behalf of herself and all others similarly situated.

///

///

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction to hear this case because the unpaid wages, actual damages, liquidated damages, restitution, and penalties sought by Plaintiff from Defendants exceeds the minimal jurisdictional limits of the Superior Court of the State of California.

3.      Venue is proper in Santa Clara County pursuant to Code of Civil Procedure §§ 393(a), 395(a) and 395.5 in that liability arose there, because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business, and/or has an agent therein.

## PARTIES

4.      Plaintiff is and was, and at all relevant times mentioned herein, an individual residing in the State of California.

5.      Plaintiff is informed and believes, and thereupon alleges, that Defendant ANTHEM COMPANIES, INC. is, and at all relevant times mentioned herein, an Indiana corporation doing business in the State of California.

6.      Plaintiff is informed and believes, and thereupon alleges, that Defendant ELEVANCE HEALTH, INC. is, and at all relevant times mentioned herein, an Indiana corporation doing business in the State of California.

7.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained. Plaintiff is informed and believes, and thereupon alleges, that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of them. Plaintiff will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

8.      Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, joint employers, principals, or co-participants of some

or all of the other defendants, and, in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent, and ratification by such other defendants.

## CLASS ALLEGATIONS

9.      This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382, because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

10.      **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

**Hourly Employee Class**:  All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the **Relevant Time Period**.

**Meal Period Sub-Class**: All **Hourly Employee Class** members who worked in a shift in excess of five hours during the **Relevant Time Period**.

**Rest Period Sub-Class**: All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

**Regular Rate Class**: All of Defendants' hourly, non-exempt employees who were not paid overtime wages for all overtime hours worked and/or premiums for meal and/or rest break violations as a result of not factoring in nondiscretionary compensation, including, but not limited to, flex credits, quarterly performance bonuses and/or non-discretionary bonuses during the **Relevant Time Period**.

**Wage Statement Penalties Sub-Class**: All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Sub-Class**: All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class**: All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period**.

**Expense Reimbursement Class:** All persons employed by Defendants in California who worked from their home the **Relevant Time Period**.

CLASS ACTION COMPLAINT

11. **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity by further division into sub-classes and/or by limitation to particular issues.

12. **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges, that the actual number exceeds the minimum required for numerosity under California law.

13. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions that affect only individual class members. These common questions include, but are not limited to:

    i.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

    ii.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

    iii.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

    iv.    Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

    v.    Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

    vi.    Whether Defendants used payroll formulas that systematically fail to account for non-discretionary bonuses and/or other applicable remuneration when calculating regular rates of pay for class members;

    vii.    Whether Defendants failed to pay overtime wages to class members as a result of incorrectly calculating their regular rates of pay;

    viii.    Whether Defendants failed to pay premium wages to class members based on their respective "regular rates of compensation" by not including non-discretionary

bonuses and/or other applicable remuneration in calculating the rates at which those wages are paid;

ix.     Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

x.      Whether Defendants unlawfully deducted, received, and/or withheld wages, secretly paying wages below scale

xi.     Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

xii.    Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

xiii.   Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

xiv.    Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

14.     **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes, and thereupon alleges, that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

15.     **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that she has no interests that are adverse to or otherwise conflict with the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

16.     **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

17.     **Superiority:** A class action is vastly superior to other available means for fair and

efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to prosecute their common claims simultaneously and efficiently in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

18.     Plaintiff worked for Defendants as a Referral Specialist in an hourly, non-exempt position from approximately 2008 through January 31, 2022.

### **Clock In Process**

19.     Plaintiff and the putative class were trained to clock in for each work shift using the computer and/or company phone issued to them.  Plaintiff and the putative class were regularly required to first turn on their computer and wait for it to load.  After Plaintiff and the putative class entered their log in information, their computer and/or phone would proceed to load to the desktop and/or home screen as part of the normal boot up process.  It generally took approximately five minutes for it to boot up, for putative class members to log in, and for putative class members to get "clocked in" so that they would begin being compensated.

20.     Occasionally, Plaintiff and the putative class would encounter login errors or crashes that would require them to restart the entire boot up process and/or reach out to technical support with their personal phones.  The entire time spent booting up the computer would not be accurately recorded and therefore resulted in Plaintiff and the putative class not being paid for all hours worked while waiting for the computer the boot up.

21.     Boot up time was not properly recorded as time worked and resulted in Plaintiff and the putative class not being paid for all hours worked by Defendants.

///

**Clocking Out/Off-the-Clock**

22.　　Plaintiff and the putative class would be required to perform off-the-clock work on multiple occasions after they had clocked out for their shift. For example, Plaintiff and the putative class would receive text messages and/or phone calls from management after they had already clocked out for their shift.

23.　　Defendants knew or should have known that Plaintiff and the putative class were not "on the clock" after they had clocked out and therefore should not have directed Plaintiff and the putative class to review and/or respond to management communications or perform any additional work once they had clocked out.

24.　　The time spent by Plaintiff and the putative class reviewing and/or responding to management communications could be anywhere from two to ten minutes—time which was unpaid by Defendants.

**Missed Meal Periods**

25.　　Plaintiff and the putative class were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of scheduling each meal period at the end of the fifth hour as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

26.　　As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to Defendant's scheduling a meal period at the end of the fifth hour and Defendants' productivity requirements instructing them to attend to each call thoroughly until completion.

27.　　On instances when Plaintiff and the putative class members' meal periods were missed, late and/or shortened due to Defendants' policies and/or practices, Defendants systematically failed to pay Plaintiff and the putative class premium wages.

///

**Missed Rest Breaks**

28.    Plaintiff and the putative class were not provided with rest breaks of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' chronically understaffing each work shift with not enough workers; (2) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (3) no formal written meal and rest period policy that encouraged employees to take their meal and rest breaks.

29.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their rest periods in order to complete their assignments on time.

30.    On instances when Plaintiff and the putative class members' rest breaks were missed, late and/or shortened due to Defendants' policies and/or practices, Defendants systematically failed to pay Plaintiff and the putative class premium wages.

**Regular Rate of Pay**

31.    The regular rate of pay under California law includes all remuneration for employment paid, on behalf of the employer, to the employee. This requirement includes, but is not limited to, flex credits, quarterly performance bonuses and/or non-discretionary bonuses.

32.    During the applicable limitations period, Defendants violated the rights of Plaintiff and the putative class under the above-referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194, and 1198 as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to flex credits, quarterly performance bonuses and/or non-discretionary bonuses.

**Expense Reimbursement**

33.    Plaintiff and the putative class members worked remotely in a home office and telecommuted as part of their job for Defendants. Plaintiff was already working remotely when the pandemic unfolded. In response to the COVID-19 crisis, Defendants closed their office space to

1   Plaintiff and the putative class members, requiring that they work from home.

2       34.     Plaintiff and the putative class members were provided with a monitor, laptop,

3   keyboard, phone, and modem to allow them to execute their job duties during the relevant time

4   period.

5       35.     Plaintiff and the putative class had to set up a desk and office space in their homes in

6   order to have a place to execute their job duties with Defendants' equipment.

7       36.     Plaintiff and the putative class members were not reimbursed for business expenses

8   incurred in telecommuting as a part of their job including but not limited to, wifi expenses,

9   electricity expenses, the expenses of required personal cell phone usage, and/or rent expenses for

10  the physical office space they were required to keep in their home.

11      37.     Defendants failed to reimburse Plaintiff and the putative class for such necessary

12  business expenses incurred by them.

13                              **Wage Statements**

14      38.     Plaintiff and the putative class were not provided with accurate wage statements as

15  mandated by law pursuant to Labor Code § 226.

16      39.     Defendants failed to comply with Labor Code 0167 226(a)(1) as "gross wages

17  earned" were not accurately reflected in that all hours worked, including overtime and "off-the-

18  clock" work were not included.

19      40.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours

20  worked by the employee" were not accurately reflected in that all hours worked, including overtime

21  and "off-the-clock" work were not included.

22      41.     Defendants failed to comply with Labor Code section 226(a)(4) as "all deductions"

23  were not accurately reflected in that deductions, even "aggregated and shown as one item," were not

24  included.

25      42.     Defendants failed to comply with Labor Code section 226(a)(5) as "net wages

26  earned" were not accurately reflected in that all hours worked, including overtime and "off-the-

27  clock" work were not included.

28      43.     Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable

CLASS ACTION COMPLAINT

hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that all hours worked, including overtime and "off-the-clock" work were not included.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 204, 223, 226.7, 512 and 1198)

### (Plaintiff and Meal Period Sub-Class)

44. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

45. At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order ("Wage Order").

46. Labor Code § 512 and § 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

47. Labor Code § 226.7 and § 11 of the applicable Wage Order both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

48. Compensation for missed meal periods constitutes wages within the meaning of Labor Code § 200.

49. Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

50. Section 11 of the applicable Wage Order states:

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the

meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

51.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

52.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code § 512 and the applicable Wage Order.

53.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

54.     Moreover, Defendants' written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that employees are entitled to a second meal period if they work a shift of over ten hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

55.     At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

56.     Pursuant to Labor Code §§ 204, 218.6 and 226.7, Plaintiff, on behalf of herself and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

57.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the **Meal Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

///

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7 and 1198)**

**(Plaintiff and Rest Period Sub-Class)**

58.     Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

59.     At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

60.     Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four-hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

61.     Labor Code § 226.7 and § 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

62.     Compensation for missed rest periods constitutes wages within the meaning of Labor Code § 200.

63.     Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

64.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten minutes for each four-hour work period, or major fraction thereof, as required by the applicable Wage Order.

65.     At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

66.     Specifically, Defendants written policies do not provide that employees may take a rest period for each four hours worked, or major fraction thereof, nor that rest periods should be

taken in the middle of each work period insofar as practicable.

67.     Pursuant to Labor Code §§ 204, 218.6 and 226.7, Plaintiff, on behalf of herself and **Rest Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

68.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Rest Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197 and 1198)

### (Plaintiff and Hourly Employee Class)

69.     Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

70.     At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

71.     Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

72.     Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consists of all hours that an employer has actual or constructive knowledge that employees are working.

73.     Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

74.     Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

75.     Labor Code § 1197 makes it unlawful for an employer to pay an employee less than

the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

76.     Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

77.     Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

78.     Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

79.     Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

80.     Labor Code § 510 and § 3 of the applicable Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times the employees' respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and for the first eight hours worked on the seventh consecutive day of one workweek.

81.     Labor Code § 510 and § 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times the employees' respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during the workweek.

82.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to her and **Hourly Employee Class** members with respect to working conditions and compensation arrangements.

83.     At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

84.     During the relevant time period, Defendants failed to pay Plaintiff and **Hourly Employee Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted, or otherwise encouraged Plaintiff and **Hourly Employee Class** members to perform off-the-clock work.

85.     As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class** members have suffered damages in an amount subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

86.     Pursuant to Labor Code §§ 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on behalf of herself and **Hourly Employee Class** members, seeks to recover unpaid straight time and overtime wages, interest thereon, and costs of suit.

87.     The regular rate of pay under California law includes all remuneration for employment paid, on behalf of the employer, to the employee. This requirement includes but is not limited to, flex credits, quarterly performance bonuses, non-discretionary bonuses, etc.

88.     During the applicable limitations period, Defendants violated the rights of Plaintiff and **Hourly Employee Class** members under the above-referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194 and 1198 by not correctly calculating their regular rate of pay to include all applicable remuneration, including but not limited to, flex credits, quarterly performance bonuses, non-discretionary bonuses, etc.

89.     California law uses the terms "compensation" and "pay" interchangeably and requires that all applicable remuneration, including but not limited to flex credits, quarterly performance bonuses, non-discretionary bonuses, etc. be included when calculating an employee's regular rate of pay.

90.     At all relevant times, Defendants paid Plaintiff premium wages based on a rate of compensation that did not reflect, among other things, flex credits, quarterly performance bonuses, non-discretionary bonuses, etc. as required by Labor Code § 226.7(b) and §§ 11 and 12 of the applicable Wage Order on the occasions when Defendants paid her premium wages in lieu of meal

1 | and/or rest periods.

2 | 91. Plaintiff is informed and believes, and thereupon alleges, that, at all relevant times

3 | during the applicable limitations period, Defendants maintained a policy or practice of paying

4 | **Hourly Employee Class** members premium wages based on rates of compensation that have not

5 | reflected flex credits, quarterly performance bonuses, non-discretionary bonuses, etc. as required by

6 | Labor Code § 226.7(b) and §§ 11 and 12 of the applicable Wage Order on the occasions when

7 | Defendants paid them premium wages in lieu of meal and/or rest periods.

8 | 92. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial

9 | benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Hourly**

10 | **Employee Class** members, seeks to recover reasonable attorneys' fees.

11 | **FOURTH CAUSE OF ACTION**

12 | **FAILURE TO INDEMNIFY**

13 | **(Lab. Code § 2802)**

14 | **(Plaintiff and Expense Reimbursement Class)**

15 | 93. Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

16 | 94. Labor Code section 2802(a) states:

17 | An employer shall indemnify his or her employee for all necessary expenditures or
18 | losses incurred by the employee in direct consequence of the discharge of his or her
   | duties, or of his or her obedience to the directions of the employer, even though
19 | unlawful, unless the employee, at the time of obeying the directions, believed them to
   | be unlawful.

20 | 95. At all relevant times during the applicable limitations period, Plaintiff and the

21 | **Expense Reimbursement Class** members incurred necessary business expenses as a result of

22 | telecommuting from a home office including but not limited to, wifi, electricity, personal cell phone

23 | usage, and/or rent expenses.

24 | 96. Plaintiff is informed and believes and thereupon alleges that the reimbursement paid

25 | by Defendants was insufficient to indemnify Plaintiff for all necessary expenses incurred in the

26 | discharge of their duties.

27 | 97. Plaintiff is informed and believes and thereupon alleges that the reimbursement paid

28 | by Defendants was insufficient to indemnify **Expense Reimbursement Class** members for all

1  necessary business expenses incurred in the discharge of their duties.

2       98.    At all relevant times during the applicable limitations period, Defendants required

3  Plaintiff and the **Expense Reimbursement Class** members to pay for expenses and/or losses caused

4  by Defendants' want of ordinary care. Defendants failed to indemnify Plaintiff and **Expense**

5  **Reimbursement Class** members for all such expenditures.

6       99.    At all relevant times during the applicable limitations period, Defendants required

7  Plaintiff and **Expense Reimbursement Class** members to purchase and maintain uniforms and

8  apparel unique to Defendants at Plaintiff's and **Expense Reimbursement Class** members' expense.

9  Defendants failed to indemnify Plaintiff and **Expense Reimbursement Class** members for all such

10  expenditures.

11      100.    Plaintiff is informed and believes that, during the applicable limitations period,

12  Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense**

13  **Reimbursement Class** members for all necessary business expenses.

14      101.    Accordingly, Plaintiff and **Expense Reimbursement Class** members are entitled to

15  restitution for all unpaid amounts due and owing within four years of the date of the filing of the

16  original Complaint and until the date of entry of judgment.

17      102.    Plaintiff, on behalf of herself , and **Expense Reimbursement Class** members, seeks

18  interest thereon and costs pursuant to Labor Code § 218.6 and reasonable attorneys' fees pursuant to

19  Code of Civil Procedure § 1021.5.

20                         **FIFTH CAUSE OF ACTION**

21      **FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

22                        **(Lab. Code § 226)**

23       **(Plaintiff and Wage Statement Penalties Sub-Class)**

24      103.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

25      104.    Labor Code § 226(a) states:

26      An employer, semimonthly or at the time of each payment of wages, shall furnish to
   his or her employee, either as a detachable part of the check, draft, or voucher paying

27      the employee's wages, or separately if wages are paid by personal check or cash, an
   accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

28      worked by the employee, except as provided in subdivision (j), (3) the number of

piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

105. The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006.)

106. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

107. Plaintiff is informed and believes that Defendants' failure to provide her and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants had the ability to provide them with accurate wage statements but had intentionally provided them with written wage statements that Defendants knew do not comply with Labor Code § 226(a).

108. Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated Plaintiff's and **Wage Statement Penalties Sub-Class** members'

legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

109.    Pursuant to Labor Code § 226(e), Plaintiff, on behalf of herself and **Wage Statement Penalties Sub-Class** members, seeks the greater of actual damages or fifty dollars ($50.00) for the initial pay period in which a violation of Labor Code section 226(a) occurred and one hundred dollars ($100.00) for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of four thousand dollars ($4,000.00) per class member.

110.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of herself and **Wage Statement Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY ALL FINAL WAGES

## (Lab. Code §§ 201–203)

## (Plaintiff and Waiting Time Penalties Sub-Class)

111.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

112.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

113.    At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

114.    At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours' notice of resignation have been entitled to payment of all final wages at the time of resignation.

115.    At all relevant times, pursuant to Labor Code § 202, employees who have resigned

CLASS ACTION COMPLAINT

1 after giving less than seventy-two (72) hours' notice of resignation have been entitled to payment of

2 all final wages within seventy-two (72) hours' of giving notice of resignation.

3      116.    During the applicable limitations period, Defendants failed to pay Plaintiff all of her

4 final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.

5      117.    Plaintiff is informed and believes that, at all relevant times during the applicable

6 limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**

7 members all of their final wages in accordance with the Labor Code.

8      118.    Plaintiff is informed and believes that, at all relevant times during the applicable

9 limitations period, Defendants have maintained a policy or practice of paying **Waiting Time**

10 **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code

11 §§ 201 or 202 by failing to timely pay them all final wages.

12      119.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to

13 timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been

14 willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201

15 and/or 202 but have intentionally adopted policies or practices that are incompatible with those

16 requirements.

17      120.    Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of herself and **Waiting**

18 **Time Penalties Sub-Class** members, seeks waiting time penalties from the respective dates that

19 their final wages had first become due until paid, up to a maximum of thirty days, and interest

20 thereon.

21      121.    Pursuant to Labor Code § 226, Code of Civil Procedure § 1021.5, the substantial

22 benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of herself and **Waiting Time**

23 **Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**

**SECRET PROFIT THROUGH UNLAWFUL DEDUCTION OF WAGES**

**(Lab. Code §§ 221, 222, 223)**

**(Plaintiff and Expense Reimbursement Class)**

28      122.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

20

123. At all relevant times, Plaintiff and the **Expense Reimbursement Class** members have been entitled to the protections of Labor Code §§ 221, 222, and 223.

Labor Code § 221 states:

> It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee.

Labor Code § 222 states:

> It shall be unlawful, in case of any wage agreement arrived at through collective bargaining, either willfully or unlawfully or with intent to defraud an employee, a competitor, or any other person, to withhold from said employee any part of the wage agreed upon.

Labor Code § 223 states:

> Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract.

124. By the conduct described above, Defendants and each of them, have unlawfully collected or received from Plaintiff and Expense Reimbursement Class members a part of wages theretofore paid by an employer to its employees. Defendants have thereby secretly profited at the expense of Plaintiff and Expense Reimbursement Class members.

125. Therefore, Plaintiff and Expense Reimbursement Class members demand return of all wages unlawfully deducted from all inside telephone sales agents, telemarketers, associates and/or other inside sales personnel employed by Defendants or any of them, within the State of California within four years of the filing of this complaint until the date of entry of judgment after trial, and reversal of all wages unlawfully deducted and/or withheld as a result of Defendants' telecommuting policies and/or practices.

## EIGHTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200 *et seq.*)

### (Plaintiff and UCL Class)

126. Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

127. Business and Professions Code § 17200 defines "unfair competition" to include any

unlawful business practice.

128. Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

129. California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

130. Plaintiff, on behalf of herself and the **UCL Class** members, re-alleges and incorporates the FIRST, SECOND, THIRD, and SEVENTH causes of action herein.

131. Plaintiff lost money and/or property as a result of the aforementioned unfair competition.

132. Defendants have or may have acquired money by means of unfair competition.

133. Plaintiff is informed and believes and thereupon alleges that, by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code §§ 215, 216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802. Defendants thus committed misdemeanors by violating the Labor Code as alleged herein.

134. Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five or more hours, by failing to pay non-exempt employees for all hours worked, and by failing to reimburse them for all expenses.

135. At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees and entitled to the full protections of both the Labor Code and the applicable Wage Order.

136. Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et sequitur*. Business and Professions Code §§ 17200 *et sequitur* protect against unfair competition

CLASS ACTION COMPLAINT

and allow a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on behalf of herself and on behalf of similarly situated persons in a class-action proceeding.

137.   As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

138.   Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

139.   Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

140.   California's Unfair Competition Law ("UCL") permits civil recovery and injunctive relief for "any unlawful, unfair or fraudulent business act or practice," including a practice or act that violates, or is considered unlawful under, any other state or federal law.

141.   Accordingly, pursuant to Business & Professions Code §§ 17200 and 17203, Plaintiff requests the issuance of temporary, preliminary, and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders, and upon a final hearing, an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

142.   Pursuant to Business and Professions Code § 17203, Plaintiff, on behalf of herself and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

143.   Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable

1 | attorneys' fees in connection with their unfair competition claims.

2 | **PRAYER FOR RELIEF**

3 | WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated prays for relief

4 | and judgment against Defendants as follows:

5 |    (1)   An order that the action be certified as a class action;

6 |    (2)   An order that Plaintiff be appointed class representative;

7 |    (3)   An order that counsel for Plaintiff be appointed class counsel;

8 |    (4)   Unpaid wages;

9 |    (5)   Actual damages;

10 |    (6)   Liquidated damages;

11 |    (7)   Restitution;

12 |    (8)   Declaratory relief;

13 |    (9)   Pre-judgment interest;

14 |    (10)   Statutory penalties;

15 |    (11)   Costs of suit;

16 |    (12)   Reasonable attorneys' fees; and

17 |    (13)   Such other relief as the Court deems just and proper.

18 | **DEMAND FOR JURY TRIAL**

19 | Plaintiff, on behalf of herself, all other similarly situated, hereby demands a jury trial on all

20 | issues so triable.

21 |

22 | Dated: August 17, 2022           SETAREH LAW GROUP

23 |

24 |

25 |

26 |                     SHAUN SETAREH
                    JOSE MARIA D. PATINO, JR.

27 |                     MAXIM GORBUNOV
                    Attorneys for Plaintiff

28 |                     KIKISHIA BURRUS